# C. W. Baldwin et al.

### vs.

# A. J. Blanchard.

Plaintiffs alleged that defendant agreed to cut their wheat, so soon as he should have reaped a certain forty acre tract of his own, and issue was joined thereon. A witness called for the plaintiffs stated that he heard defendant say, while cutting said forty acre tract, that when he had got it done, he was going over to plaintiffs' to cut their grain, whereupon defendant objected to proof of any statements of his, as to cutting plaintiffs' grain, not made in plaintiffs' presence, which was overruled, and the evidence received. *Held*, that the objection was not tenable. On appeal, the further objection was made that the evidence was irrelevant, and had a tendency to mislead the jury. *It seems*, that the evidence was relevant, but if otherwise, the objection cannot be taken in this court. The testimony having been given without objection, the grounds upon which defendant desires it to be excluded, should have been specified at the trial, or they will be deemed to have been waived.

The jury were instructed among other things, "that if they found that the defendant made the contract alleged in the complaint, and failed to fulfill it as therein alleged, and that the plaintiffs used reasonable diligence to secure their crop of wheat, and to prevent loss, after the defendant failed to perform his contract, and which the defendant by such contract had agreed to harvest, the defendant would be liable for all damages sustained by the plaintiffs in consequence of the defendant's neglect to fulfill or perform said agreement, whether such damage was caused by the wheat becoming overripe, and shelling by handling, or whether the same was destroyed by a storm which occurred after the defendant had agreed to harvest the grain, and after he had had reasonable and sufficient time to harvest and secure it, as he agreed to," to which the defendant then and there duly excepted. *Held*, that this instruction, containing more than one distinct proposition of law, one only of which is claimed to be erroneous, viz: that relating to damage by storms, the general

exception taken, presents no question for revision on appeal, and the case stands in this respect, as if no exception had been taken. *Held*, also, that the instruction is not obnoxious to the objection made to it, viz: that it ignores all distinctions between the ordinary, and extraordinary storms, the occurrence of which parties cannot be supposed to have contemplated, at the time they made their contract. It is to be understood with reference to facts and circumstances as they existed; and the parties must have foreseen that damage would in all probability result to the wheat from the weather, if it was not cut at the time fixed, viz: in harvest, when it was ripe for cutting; that, if it were true, as claimed by defendant, that the injury to the crop was partly the result of such extraordinary storm, the defendant, if he apprehended any danger from the generality of the language of the charge, should have asked for a more specific instruction in that respect.

The plaintiffs sued in the district court for Olmsted county, to recover damages of the defendant, for the non-performance of a contract. The contract, as alleged by the plaintiffs was, on the part of the defendant, that the defendant should cut all the wheat of plaintiffs (some 127 acres) then growing, so soon as he should cut a certain forty acre tract of his own, then, without delay, he should commence to cut and stack plaintiffs' wheat, and continue thereat, until the same should be completed. The alleged breach was that defendant did not commence to cut plaintiffs' wheat until some two weeks after finishing the cutting of said forty acre tract. The damages alleged, were, that by reason of such delay, the wheat became over-ripe, and a part of it was lost by shelling in handling the same, and a part by exposure while standing, to violent storms of wind and rain. The answer denied the contract, the breach, and the damages, and alleged that if plaintiffs had sustained any loss in the premises, it was occasioned entirely by plaintiffs' own acts, and negligence, and the unfavorable state of the weather while their wheat was being harvested. The case was tried

before the court assisted by a jury.   Three exceptions were taken by the defendant to the rulings of the court on the trial, and one to its charge to the jury, viz:

1. A witness for plaintiffs, testified: "that while he was working for the defendant, and before he had finished said forty acre tract, he heard him say, that when he got said tract done he was going over to plaintiffs, to cut their grain." The defendant here objected to the admission of any statements of defendant in reference to cutting plaintiffs' wheat, not made in the presence of plaintiffs. The objection was overruled and defendant excepted.

2. John C. Byram, one of the plaintiffs, being called as a witness for the plaintiffs, was asked, among other things, by the plaintiffs' attorney, the following question: "State whether at that time, (the day defendant finished reaping the forty acre tract,) you had made any contract to cut your grain with any other person?" which was objected to by defendant as immaterial. The objection was overruled, and defendant excepted. The witness answered: "We had not at that time."

3. Plaintiffs' attorney asked the same witness the following question: "What, if anything, did that grain yield less in quantity than it would have yielded if defendant had cut it when he agreed to?" The defendant objected to the question, on the ground that "the damages sought to be proved, were too remote and uncertain, and not such as might reasonably be presumed to have been contemplated by the parties, at the time they made the contract in question, as a result of the breach complained of." The objection was overruled by the court and defendant excepted.

When the testimony was closed, and the parties had rested, the court charged the jury, among other things, "that if they found that the defendant made the contract

Baldwin et al. v. Blanchard.

alleged in the complaint, and failed to fulfill it as therein alleged, and that the plaintiffs used reasonable diligence to secure their crop of wheat, and to prevent loss, after the defendant failed to perform their contract, and which the defendant by such contract had agreed to harvest, the defendant would be liable for all damages sustained by the plaintiffs in consequence of the defendant's neglect to fulfill or perform said agreement whether such damage was caused by the wheat becoming over-ripe and shelling by handling, or whether the same was destroyed by a storm which occurred after the defendant had agreed to harvest the grain, and after he had had reasonable and sufficient time to harvest and secure it as he agreed to." To which the defendant then and there duly excepted.

The jury found a verdict for the plaintiffs for the sum of four hundred dollars and ninety-five cents. Judgment was entered upon the verdict, and the defendant appeals therefrom to this court.

STEARNS & START for Appellant.

I. The court erred in admitting evidence that the defendant had said that when he got his forty acres cut he was going over to plaintiffs' to cut their grain. What defendant intended to do is not evidence of what he had agreed to do, and yet the evidence was calculated to prejudice the jury. The evidence as to the existence of the alleged contract being nearly evenly balanced such prejudice might prove martial. *Case Folios* 69 *and* 70.

II. The court erred in allowing plaintiff Byram, to answer the question : " State whether at that time you had any contract to cut your grain with any other person." It was an attempt to strengthen the testimony of the plaintiffs

by proving by one of them that they had acted consistently with their testimony. It would have been just as proper to have admitted evidence of their general good character when it had not been questioned.

III. The court erred in over-ruling the defendant's objection to the following question: "What if anything, did that grain yield less in quantity than it would have yielded if defendant had cut it when he agreed to?" The damages recoverable on breach of contract are only such as are the *proximate and natural consequences* of the breach, and without the intervention of another cause by which the original cause is made operative and as such might have been foreseen and expected as the result of the breach, and may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it. The question calls for an answer not limited by any of these rules of law. It calls for a statement of consequences without reference to proximity or remoteness. *Sedgwick on the Measure of Damages; Chap.* 3. *Brackett vs. Edgerton*, 14 *Minn.* 174. 3d *Parsons on Contracts, p.* 180. 2d *Greenleaf on Ev.*, § 256. *Hadley vs. Baxendale*, 9 *Exch.*, 341. *Griffin vs. Colvar*, 16 *N. Y.*, 489. *Passenger vs. Thorborn*, 34 *N. Y.*, 634.

IV. The proposition in the charge of the court appearing in the case as excepted by the defendant, is erroneous. It ignores all distinction between ordinary and extraordinary storms, and would include earthquakes and invasions. *Sedgwick on Measure of Damages, p.* 63; *Ash vs. DeBassett*, 5 *Jones Law, N. C.*, 299, 19 *W. S. Dig.* 179; *Abbot vs. Gach*, 13, *Md.*, 314; *Brayton vs. Chase*, 3 *Wis.*, 456; *Adams Express Co. vs. Egbert*, 36 *Penn. State* 360; *Freeman vs. Morey*, 41 *Maine*, 588; 3d *Parsons on Contract, p.* 181, *and cases above cited.*

V. The true and only safe rule in cases of this kind is for the court to leave it for the jury to say whether results are the natural proximate consequences of the breach of contract, whether they are such as may reasonably be sup- posed to have been completed by the parties, or whether some unforeseen cause has intervened to produce the result. *Opinion of Crompton, J, in Smeed vs. Ford,* 106 *Eng. Com. Law,* 612; *Sedgwick on Measure Damages,* 5th Ed., page 82, *Note.*

JONES & BUTLER, for Respondents.

I. The verdict establishes the fact of the contract, its breach, and fixes the damage.

The first objection to proving statements of defendant, relating to the issue, does not appear to be insisted on; but if it was, does not require any authority to be cited in sup- port of the decision of the court below. His statements relating to the subject matter of the contract (viz; the cut- ting of the plaintiff's grain) as well as his acts, are admis- sible as tending to prove the issue.

II. The second objection to a question that it was imma- terial, answers itself. If immaterial, no party was injured by it; and the answer given shows that appellant could not be prejudiced. The question was asked simply to fix the date of conversation, about which the witness was not very clear, and could not affect the merits of the action, one way or the other.

III. The third objection goes to the measure of damages. It seems too plain for argument that if the defendant agreed to cut the wheat of plaintiffs', at a certain time, or in the proper season, and failed to do so, that the loss occasioned by the delay would be the proper measure of damages.

Baldwin et al. v. Blanchard.

The last objection in the record is to the charge of the court. The charge objected to contained several propositions, and the objection does not point out what portion of it is claimed to be erroneous, and therefore is not available on the appeal from the judgment. *State vs. Staley*, 14 *Minn.*

IV. The charge enunciated the correct rule as to the measure of damages. *Sedgwick on Damages*, 79, 80, 81, (4*th Ed.*) *specially note* 1, *page* 81, *comment on Smead vs. Ford.* 3 *Parson's Contracts*, 179.

That defendant "is at least responsible for all the mischievous consequences that may reasonably be expected to result, under ordinary circumstances, from his misconduct." *Ib.* 180, *Note* 5; *Clifford vs. Richardson*, 18 *Vt.* 620; *Davis vs. Tilcott*, 14 *Barb.* 611, 7 *Hill* 62; *Shannon vs. Combstock*, 21. *Wend*, 457; *Griffin vs. Colver*, 16 *N. Y.*, 489; *Shepard vs. Milwaukee Gas Co.*, 15 *Wis.*, 318.

The storm alluded to was not of unusual severity, or such as the parties to the contract might reasonably expect might occur in the usual course of things. Both parties knew the special circumstances of the contract and the special injury that might follow : "in the usual course of things." *Masterton vs. The Mayor, etc.*, 7 *Hill*, 61, 3 *Parson's ante.*

The case in 34 *N. Y.*, (*Passenger vs. Thorborn*,) 631, is exactly in point, and decisive of this case; see specially page 639, commenting upon *Smead vs. Ford*, a much stronger case than the one at bar, and effectually disposing of appellant's objection. See also *Griffin vs. Colver*, 16 N. Y., 489.

*By the Court*—RIPLEY, CH. J.—Plaintiffs declared on defendant's breach of contract in not cutting their wheat at the time agreed, whereby it became over-ripe, and part was lost by shelling in handling, and exposure while standing to violent storms of wind and rain.

Issue was joined on the alleged contract, and breach, and plaintiffs' alleged loss, the answer averring also, that if plaintiffs had sustained any damage in the premises, it wholly resulted from their own acts, and neglect, and the unfavorable state of the weather, while their wheat was harvesting. The case was tried by a jury who returned a verdict for the plaintiffs, and assessed their damages at four hundred dollars and ninety-five cents.

The alleged contract was the agreement of defendant to cut plaintiffs' wheat, so soon as he should have reaped a certain forty acre tract of his own, and the breach, that he did not begin to do so, till more than two weeks thereafter. Plaintiffs called a witness who testified, that while he was working for defendant, but when, or where, he could not state, except that it was on defendant's farm, and before defendant had finished said forty acre tract, he heard him say, that when he got said tract done, he was going over to plaintiffs' to cut their grain. After this testimony had been given, defendant objected to any statement of defendant's as to cutting plaintiffs' wheat, not made in plaintiffs' presence, which was overruled, and the evidence received, and defendant excepted. The ground of objection specified was obviously untenable. The defendant, at the argument, makes the further point, that what he intended to do, is not evidence of what he had agreed to do, that the evidence was therefore not relevant, while it had, as he alleges, a tendency to mislead the jury. This however is not open to him in this court. The testimony having been given without objection, he should have specified all the grounds upon which he desired it to be excluded, or they will be taken to have been waived.

Moreover, the fair inference from this evidence, would seem rather to be, that there was some existing contract

Baldwin et al. v. Blanchard.

between the parties for the cutting plaintiffs' wheat so soon as defendant had finished reaping said forty acre tract.

If not, the intended cutting would have been trespass. Viewed in this light, we could not say that the testimony was not relevant to the issue.

A question to one of the plaintiffs: "State whether at that time, *i. e.*, the day that defendant finished reaping the 40 acre tract, you had made any contract to cut your grain with any other person?" was objected to as immaterial. The objection was overruled and defendant excepted. If it were immaterial, yet, as it is not perceived, nor is it contended, that the defendant could have been in any way prejudiced by the answer, (which was in the negative) it is no ground for a new trial; *Cole vs. Maxfield*, 13 *Minn.*, 235. The witness was asked, "What if anything did that grain yield less in quantity, than it would have yielded if defendant had cut it when he agreed to?" Defendant objected on the ground, that the damage sought to be proved was too remote and uncertain, and not such as might reasonably be presumed to have been contemplated by the parties at the time they made the contract in question, as a result of the breach complained of. The objection was overruled and defendant excepted. For his alleged breach of contract aforesaid, in not cutting their wheat, plaintiffs could recover those damages of which it was the proximate cause, *i.· e.* such as may be supposed to have been contemplated by the parties. As the question goes to the whole loss in yield occasioned by the delay, the objection assumes that no such loss could be reasonably contemplated by the parties as the result of such delay. This is an unreasonable assumption. The evidence tends to prove that plaintiffs' wheat was fully ripe when defendant had finished cutting the 40 acre tract, and that defendant knew that it would be, when he made the contract.

With favorable weather, and careful handling, some loss in yield must, nevertheless, inevitably result from allowing grain to stand for more than two weeks, after it is fully ripe.

The parties in making the contract must, therefore, in all reason, be supposed to have contemplated *some* loss in yield, as the result of such a breach, and there being no presumption that the weather was less favorable than usual at that season, and no such evidence, as the case then stood, the presumption being, moreover, in the absence of all evidence to the contrary, that due care was used in harvesting the crop, the parties must *prima facie*, be reasonably supposed to have contemplated tho whole loss in yield.

If, in fact, it were partly due to something which they could not reasonably have been expected to have foreseen, *e. g.*, a hurricane, that would be for the defendant to show. The objection was therefore, rightly overruled, and this dis· poses also of the stipulation of the parties at the trial, that all evidence of damage done to plaintiffs' crop from its not having been harvested in due season, should be received subject to the objection, that such damages were remote, and consequential, and not such as might reasonably be supposed to have been contemplated by the parties, as a result of the breach of the contract, at the time they *made* it.

The case finds, that the court charged the jury, among other things, "that if they found that the defendant made the contract alleged in the complaint, and failed to fulfill it, as therein alleged, and that the plaintiffs used reasonable diligence to secure their crop of wheat, and to prevent *loss*, after the defendant had failed to perform his contract, and which the defendant by such contract had agreed to harvest, the defendant would be liable for all damages sustained by the plaintiffs in consequence of the defendant's neglect to fulfill or perform said agreement, whether such damage was

Baldwin et al. v. Blanchard.

caused by the wheat becoming overripe, and shelling by handling, or whether the same was destroyed by a storm, which occurred after the defendant had agreed to harvest the grain, and after he had had reasonable and sufficient time to harvest and secure it, as he agreed to;" to which the defendant then and there duly excepted.

No question is, or could be seriously made, as to the correctness of the statement, that plaintiffs could recover the loss by the wheat becoming overripe and shelling by handling.

Objection is taken to the statement respecting the loss by storm. The instruction contains more than one distinct proposition of law, only one of which is claimed to be erroneous.

The general exception taken does not, therefore, present any question for review on appeal. It did not call the attention of the court to that which was deemed erroneous. "It did not suggest to the judge's mind, what the counsel excepting would have him hold, or wherein he was wrong. It has been held in many cases, that the party complaining of the charge of a judge, must put his finger on the point of which he complains. If he does not, no court of review can regard it." 2 *Seld.* 233. 5 *Denio* 213. See also *State vs. Staley,* 14 *Minn.* 105, *and cases cited.* The case stands, therefore, as if no exception had been taken. Apart from this, however, we do not think that the part of the charge complained of is obnoxious to the objection made, viz: that it ignores all distinction between ordinary, and extraordinary storms.

The language of the court is to be understood in the sense in which it was used, *i. e.* with reference to facts and circumstances as they exist. What Lord Campbell says in *Smear vs. Ford,* 102, *Eng. Com. Law,* 612: "that in so

variable a climate as that of England, the parties must have foreseen that damage would result to the wheat from the weather, if it were not threshed by the time fixed," is equally true of this case. Our climate is variable. High winds are frequent, especially in the hot season, when also, storms are then not only not unusual, but come up very suddenly, and whether of wind only, or wind and rain, are apt to be very violent, though they do not usually last long. The parties must therefore have contemplated that damage to the crop from such causes, would in all probability be the result of such delay. It is such weather, and the damage resulting therefrom, that the court must be taken to have intended, and not a storm so extraordinary and unusual for the country and season, as would correspond to the "*extraordinary hail storm*," of Mr. Sedgwick, the loss by which would be too remote. *Sedg. Dam. Ch.* 3, *p.* 63. The defendant contends that the case shows that the damage was partly the result of such an extraordinary violent wind or storm, that falls within the above definition. The plaintiffs on the other hand, insist, that the wind in question was not of unusual severity, or such as the parties might not reasonably expect to occur in the usual course of things. We are inclined to agree with them, but however that may have been, the defendant, if he apprehended any danger from the generality of the language of the instruction, should have directed the attention of the court to it, by requesting specific instructions. *Chamberlain vs. Porter*, 9 *Minn.* 260; *Parsons vs. Browne*, 15 *Barb.* 590.

Judgment affirmed.