Judson v. Reardon.

---

EDWARD H. JUDSON,

vs.

TIMOTHY REARDON

During a fire in St. Paul, plaintiff, against orders, crossed a hose in use at said fire with his horse and buggy. As he did so, the defendant, an alderman, and foreman of the fire company working said hose, and then on duty therewith, arrested him, took him to the city prison, and told the jailer that he gave plaintiff into custody, and to lock him up. The jailer thereupon locked plaintiff up in the city prison, from which he was released about $2\frac{1}{2}$ hours afterwards, by the order of the chief of police to the jailer. This action was brought to recover damages for such arrest and detention. Defendant justified under *Sec.* 14 of the city ordinance establishing a fire department, providing a fine, not exceeding fifty dollars, in case, in the absence of sufficient excuse, of a refusal by any one at a fire to obey any order or direction given by a person duly authorized to order or direct ; and that "any member of the common council, or any fire warden may arrest and detain such person until the fire is extinguished." *Held*, That the clause above quoted is repugnant to the Constitut'on, *Art.* 1 *Sec.* 4 and 7, and void, and no justification, though defendant acted under it in good faith.

That if plaintiff had **violated the ordinance**, the defendant, for such

Judson v. Reardon.

offense committed in his presence, was authorized to take him into custody that he might be held to answer; but to justify such arrest, he must show that without unnecessary delay he took him before a magistrate, or delivered him to a peace officer.

That an omission so to do is not excused by the fact that defendant was, as a fireman, engaged in actually suppressing a fire, and that, in his judgment, the public safety required him to remain at his post.

If the defendant acted without authority of law in arresting and detaining plaintiff, the implication of malice arising therefrom is not rebutted by proof that he supposed himself to be acting legally, though such proof may be evidence in mitigation of damages.

The jury were instructed at the request of the defendant, that if the jury find that defendant was an alderman, and that plaintiff, against the directions of those in charge of said hose, persisted in crossing, and did cross it, defendant was authorized to make the arrest at the time and place stated, and justified in so doing, unless he used unnecessary violence, and detained the plaintiff an unreasonable length of time. *Held*, To be erroneous in the abstract; the arrest not being justifiable unless plaintiff crossed the hose without a sufficient excuse.

The following instruction requested by defendant was given: "The plaintiff must prove malice, to sustain the prosecution," with this qualification, "except such as may be implied from an unjustifiable and illegal arrest;" to which qualification and charge as given defendant excepted. *Held*, That the jury were correctly instructed.

At the trial the plaintiff obtained a verdict for eight hundred dollars. *Held*, That inasmuch as there was evidence, if the jury believed the plaintiff, from which they might fairly infer that defendant's sense of public duty was quickened by personal feeling; as there was evidence tending to show a reckless indifference to plaintiff's feelings and personal rights on the part of the defendant which might savor in their opinion of oppression and abuse of power; and as the detention was more than nominal in its character; the verdict is not so excessive and outrageous, with reference to all the circumstances of the case, as to demonstrate that the jury were influenced by passion or prejudice.

A trial was had in this action in the court of common pleas, Ramsey county, resulting in a verdict for the plaintiff. The defendant made a motion for a new trial, which was enied, and he appeals from the order denying the same to

this court. A sufficient statement of the case appears in the opinion of the court.

BRISBIN & PALMER for Appellant.

C. K. DAVIS for Respondent.

*By the Court*—RIPLEY, CH. J.—The undisputed facts in this action are, that on the 19th of May, 1870, during a fire in St. Paul, the plaintiff with his horse and buggy attempted at the corner of Market and Fifth streets, to cross a hose which was laid from a cistern to an engine in use at said fire. Upon being forbidden to do so by some one in charge of the hose, he drove up Market street, and crossed the hose about 200 feet from where he first attempted to cross. As he did so, the defendant, who was endeavoring to extinguish said fire, and who was an alderman, and foreman of the fire company working said engine, arrested him, took him to the city prison, and told the jailer that he gave plaintiff into custody, and to lock him up. The jailer thereupon locked him up in the city prison, from which he was released about two and one-half hours afterwards, by the order of the chief of police to the said jailer.

This action was brought in the court of common pleas of Ramsey county, to recover damages for such arrest and detention.

The defendant justified under section 14, of an ordinance of the city of St. Paul establishing a fire department, adopted October 9th, 1869, and which is as follows: .

"*Section* 14. All persons, who at a fire shall refuse to obey any order or direction given by any person duly authorized to order or direct, or who shall resist or impede any officer or other person in the discharge of his duties,

shall, in the absence of sufficient excuse, be punished by a fine not exceeding fifty dollars. Any member of the common council, or any fire warden, may arrest and detain such person in his custody until such fire is extinguished."

The plaintiff objected that such ordinance is unconstitutional and void, in so far as it attempts, or purports to authorize the officers named, so to arrest and detain any one.

Assuming the right of the common council to impose the fine specified in the first clause of this ordinance, the power which the second gives, to arrest persons committing the acts specified, has no relation whatever to such penalty. Such arrest and detention are not authorized for the purpose of enabling proceedings to be instituted for the infliction thereof. It is to all intents and purposes a separate and independent punishment for the offenses specified, as much so, as if it had provided in so many words, that the offender should be punished by said fine, and also, at the pleasure of such officer, by imprisonment by him till the fire was extinguished.

The plaintiff was just as much liable to be arrested on a complaint for so crossing said hose, and fined therefor, the week after the fire, as he was at the moment he crossed it, notwithstanding such arrest and detention by the defendant.

The framers of the clause had the idea of *prevention* in their minds, but instead of authorizing such officers to *prevent* persons from doing the acts specified, the authority is to detain for a certain time *after* the act done. This may have a tendency to deter from such actions in future, but it operates by way of punishment for the past.

And so the appellant in his brief says that his object was " *both to punish for the act done, and to prevent its repetition by plaintiff or others.*"

For these purposes the clause in question authorizes an arrest without warrant, and detention till the fire is over, the officer being the judge that the offense to be punished has been committed, and executing himself the sentence which he himself passes.

It is clear that the clause in question offends against more than one constitutional guaranty; that the person so arrested and detained is deprived of his liberty without due process of law, and that his right of trial by jury is violated. *Constitution, art.* 1 *secs.* 4 *and* 7. It is therefore void, and can no more be pleaded in justification of the defendant's acts than if it had never existed.

It gave him no more authority to arrest than to detain the plaintiff; for it is not the intention of the ordinance, nor does it purport to authorize such officer to arrest such offender, that he may be held to answer for the offense.

The object of the arrest is that he may be detained by the officer till the fire is over.

The defendant, therefore, stood on the same footing as any private person would have, in respect to such acts.

The law authorizes a private person to arrest another, *ie,* to take him into custody, that he may be held to answer for a public offense committed, or attempted, in his presence; (*Gen. Stat., ch.* 105, *sec.* 1, 17.) making it the duty, however, of a private person, who has arrested another for the commission of a public offense, without unnecessary delay to take him before a magistrate, or deliver him to a peace officer. *Sec.* 20.

The jury in the case at bar returned a verdict for the plaintiff, and assessed his damages at $800.

This appeal is taken from the order of the court below denying defendant's motion for a new trial, upon a case settled.

Judson v. Reardon.

Instead of such a case or paper book, consisting of so much of the return as will clearly and fully present the questions arising on said review, as is required by rule 14, the appellant has embodied with an "argument," a "state- ment of case," comprising so much of the proceedings at the trial as seemed to him material; together with a brief statement of the cause of action; of the substance of the defense set up, and what is said to have been the substance of the charge of the judge, and of the requests to charge o both parties.

The respondent, denying that such statement of the case fully presents the testimony and matters of law to be con- sidered, has prefixed to his brief, what he states to be a copy of the record in this court, to which statement no exception was taken at the argument by the appellant. The copy sets out the case as settled in full, but contains neither the plead- ings, nor the grounds upon which the motion for a new trial was made.

From the briefs of counsel, however, we take it, that the grounds of the motion, or at least, those insisted on, are, that the verdict is against evidence, error in the charge of the judge, and that the damages were excessive.

Regularly, of course, we should not inquire whether or not a verdict was justified by the evidence, or the damages excessive, upon a case which did not purport to set out the evidence in full; but inasmuch as the respondent, instead of making the point, has placed the evidence in full before us, and argued the case upon the above points, we will proceed to consider the appellant's points in their order.

The first objection is that the verdict is against evidence.

In the absence of the pleadings, the statements of the parties are the only source of information as to their con- tents. On this point the appellant merely states that "the

Judson v. Reardon.

cause of action is for an alleged malicious arrest of the plaintiff by defendant on May 19, 1870. Damages laid at $5,000." The respondent states in his brief " the elements of the complaint," viz : " that defendant, maliciously and with force and arms, and with intent to injure the plaintiff, compelled and forced the latter to go with him through divers public streets in St. Paul to the city prison, and that he imprisoned him, and kept him detained in said prison, without reasonable and justifiable cause for two hours "

There is no doubt, upon the evidence, that the defendant compelled plaintiff against his will to go with him from Market street to the city prison, and that he was there, by defendant's direction, confined in such prison for the length of time aforesaid, and till he was released, not by any agency of defendant, but by the ordering the chief of police at the request of another citizen.

If this was illegal, it was, in law, malicious, and would support the verdict, for it would be the willful doing of an injurious act without lawful excuse, from which the law im plies malice, (2 *Starkie Ev. Pt.* 4, *p.* 904 ; *Com. vs. Snelling*, 15 *Pick*, 337, 340,) and this though defendant supposed he was acting in conformity to law. 2 *Starkie, Ev. Pt.* 1, *p.* 904, *note* 9.

We have seen that the ordinance was void ; therefore, the arrest was none the less illegal, therefore, none the less malicious, because the defendant intended to act, or did act under it. 1 *Ch. Pl.* 147. *Sedg. on Damages*, 528.

The appellant, however, insists that the arrest and detention was justifiable, aside from the ordinance.

The defendant, as an alderman, he says, was justified in arresting the plaintiff, if he crossed the hose against the direction of those in charge of it, unless he used unnecessary violence.

There is no pretence of unnecessary violence, but, as we have seen, defendant had no more authority, because he was an alderman, to arrest, than a private citizen.

There is good ground, however, to contend that plaintiff had made himself liable to be fined.

In that event, the law authorized defendant to arrest, that is, to take plaintiff into custody, that he might be held to answer for such offense. But was that his intention? He says, in so many words, as already remarked, that his intention was altogether different. He acted under the ordinance, and the authority he supposed it gave him to detain plaintiff till the fire was over. His own evidence fully sustains his counsel's argument in these respects. He says he was acting in his official capacity when he made the arrest, and about fifteen minutes after he had caused plaintiff to be locked up, he told a police officer what he had done, but that he thought it would be best to let plaintiff out now that the danger was over. If his intention was to detain plaintiff in custody till the fire was over, he intended wilfully to do an injurious act without a lawful excuse; that is to say, to do it maliciously, and the facts he relies on have no tendency to show that the verdict is against the evidence.

Let us suppose, however, that there was no such evidence of his actual intent in the case; nevertheless, whenever the defendant undertakes to justify the laying of hands upon the plaintiff to take him into custody as an offender, the rule of the common law is, that he ought to be prepared with evidence to show that he detained him only till an officer could be sent for to take charge of him, or that he proceeded without unnecessary delay to take him to a magistrate, or peace officer, or otherwise to deal with him according to law; (2 *Greenl. Ev.* § 100) and under our statute, it is no less needful that he should come prepared with evidence, that

without unnecessary delay he took him before a magistrate, or delivered him to a peace officer

The defendant offers no evidence that he did either. He says he immediately turned him over to the legal authorities; *ie*, to the keeper of the city prison, but offers no proof that he was either a peace officer or a magistrate.

He does not contend that his notification to the police officer was a delivery to him of the plaintiff, nor did he make any effort, at any time, either to take plaintiff before a magistrate or deliver him to a peace officer.

The plaintiff was released at the intercession of another citizen, and without any agency of defendant, and there is nothing to show that if he had not been, the defendant would ever have paid any further attention to him.

The defendant, therefore, does not come prepared with the requisite evidence to justify the arrest.

But he says he would have been justified in point of law if he had left plaintiff in the city prison till the next morning, before turning him over to the proper authorities, being engaged, as he says the case shows, in actually suppressing a fire.

"That the necessity of keeping the fireman at his post is paramount to the mere individual rights of the citizen.

" The public safety is the supreme law; that the defendant upon the spot and under the circumstances, is judge of the exigency without appeal. He makes his own law, as the acts of a commander in the field are often lawless, but he is, of necessity, the ultimate judge, from whom there is, and ought to be, no appeal, and that doubtless the verdict is the result of an inordinate, unnecessary, and absurd jealousy of personal rights, the offspring, to some extent, of a diseased and caviling political sentiment."

We cannot assent to this exposition of the law. The idea

that any fireman, who may arrest an offender against this ordinance, may leave him locked up so long as he may think that the necessity of his presence at the fire is greater than that of his delivering his prisoner to the proper authority, is opposed, not only to the positive injunctions of the law, but the first principles of the government under which we live.

To attribute the verdict to an absurd jealousy of personal rights, the offspring of a diseased and caviling political sentiment, seems to us to be singular, to say the least, in view of the fact that fifteen minutes after locking the plaintiff up, the defendant thought the danger over, there having been, as would seem from defendant's testimony, two fires that day, one of which was then so far, at least, extinguished, that defendant apprehended no further danger from it, and the other not breaking out till afterwards.

It is impossible to see how, on defendant's own theory, he could at that moment, he himself being the judge, have considered his presence at the fire paramount in importance to what he calls "the plaintiff's mere personal rights."

In view of these facts, and of the mode in which plaintiff finally obtained his liberty, and that although defendant swore that he told the policeman that he wanted plaintiff out, this is not corroborated by that officer, who does not recollect that he asked him to let plaintiff out, but he says he told him he had just locked him up, and thinks he added that he would lodge a complaint in the morning, it would rather seem that the jury would have been forced to find for the plaintiff, if in their opinion he had any "personal rights" whatever.

After the case was closed, the judge charged the jury at some length, and upon all the issues involved.

At the close of such charge, defendant's counsel requested

him to instruct the jury that they must find for defendant, unless they thought it proved that he acted with malice

The court thereupon charged "that plaintiff must prove malice, but malice would lie proved by an unjustifiable and illegal detention."

The record then proceeds as follows· "The defendant by the counsel duly excepted to the foregoing charges, and to each and every part or particular thereof, and his exception was duly noted."

Such a general exception to a general charge amounts to nothing, and the case stands as if no such exception had been taken. *State vs. Staley*, 14 *Minn.* 118, *Baldwin vs. Blanchard*, 15 *Minn.* 489; *Schurmeier vs. Johnson*, 10 *Minn.* 319.

Strictly, therefore, it is unnecessary to consider the objections now made to certain portions of it, and it would not be done against respondent's objection; but as he does not raise such objection, we will consider the points made by appellant and not covered by what has been already said, or by what is hereinafterwards said in disposing of his objections to specific rulings, this, however, is not to be construed into a precedent in respect of our future action, in respect of such general exceptions.

The following sentence occurs in said general charge as it is set out in the copy of the record furnished by the respondent.

"As to the material facts there is no dispute. The plaintiff, it seems, was liberated after two hours' detention.

No complaint was ever made, and that might have a tendency to show either that no offense was committed by plaintiff, or (as the counsel for defendant has urged) that there was no malice on defendant's part. However this may be, it is not denied that plaintiff was deprived of his liberty."

Judson v. Reardon.

The defendant contends that the judge erred in saying, that not making a complaint might have a tendency to prove that no offense was committed.

Supposing that it could have no such tendency, it is obvious from the whole paragraph taken together, not only that the judge did not charge the jury that it would, but that he did not intend to do so. He no more tells them that it would tend to prove that no offense had been committed, than that it would tend to prove an absence of malice on defendant's part. The former was plaintiff's theory, the latter the defendant's. The judge states, but does not decide between them.

The defendant further says, that "there was error and prejudice to the defendant in this portion of the general charge, viz:

Defendant not having any right to detain plaintiff, it would appear necessary that he should turn him over to the legal authorities, etc., although this is followed by the charge, that they must find for the defendant, if they find that he was justified in making the arrest, and turned him over to the proper authorities within a reasonable time.

The reason assigned by defendant for this position, is, that the defendant had a right to detain, at least, for a reasonable time, and that it must have prejudiced the jury to instruct them that the detention was illegal, although followed by the language that defendant was purged of the wrong by subsequent promptitude in handing over.

In saying that defendant had no right to detain plaintiff, the judge is evidently (looking at the context and the whole charge) speaking of detention under the ordinance, and refers to the right claimed thereunder to detain plaintiff till the fire was over.

The jury could not be prejudiced against defendant by

this portion of the charge ; on the contrary, taken together, the plaintiff would have a better ground to complain of it than the defendant; the law being, as we have seen, that defendant should have come prepared with evidence (to justify the arrest) that he detained plaintiff only till an officer could be sent for to take charge of him, or that he proceeded without unnecessary delay to take him to a magistrate or peace officer

As to the specific charges and refusals, the court instructed the jury at plaintiff's request ; " That the provisions of the city ordinance pleaded in the answer are unconstitutional and void, so far as the same attempt or purport to authorize a member of the common council, or any fire warden, to arrest and detain any person for the cause stated in such ordinance until the fire is extinguished.

" This ordinance is no defence to the defendant, even if he acted thereunder in arresting the plaintiff."

This was excepted to. The ground of exception is stated to be, that it was error to charge that the ordinance was no defense to the defendant, even if he acted under it in arresting the plaintiff

The reason given is, that, if defendant acted under it, it was evidence to disprove malice. But this, as we have already seen, is not a correct statement of the rule.

If the defendant acted without authority of law in arresting and detaining plaintiff, the implication of malice is not rebutted by proof that he supposed himself to be proceeding legally.

It is no defense to the action, though it may be evidence in mitigation of damages. *Sedg. on Damages*, 528.

Defendant then requested the court to charge that " if the jury find that defendant was an alderman, and that plaintiff, against the directions of those in charge of the

hose then being used in extinguishing a fire, persisted in crossing, and did cross said hose, defendant was authorized to make the arrest at the time and place testified to, and is justified in so doing, unless he used unnecessary violence, or detained plaintiff an unreasonable length of time," which the court gave.

This was abstractly erroneous, defendant not being justified in arresting plaintiff, unless he crossed the hose without a sufficient excuse.

The defendant also requested the court to instruct the jury, substantially as at the close of the general charge, viz: that plaintiff must prove malice to support the prosecution; which was given, with in substance the same qualifications, viz: "except such as may be implied from unjustifiable and illegal arrest;" to which charge, as modified, defendant excepted.

From what has been said it is apparent that the court was right.

The damages are said to be excessive, "because the proof is so clear that defendant thought himself required to do what he did; the case is so wanting in proof of actual malice; the detention so nominal; that the verdict is more than compensatory, while the case is not one in which the jury would be authorized · in giving exemplary damages." A new trial may be granted for excessive damages, appearing to be given under the influence of passion and prejudice.

The court does not interfere unless there is something in the case showing that the jury were influenced by the motives above mentioned. *Chamberlain vs. Porter*, 9 *Minn.* 620.

There is no evidence in the case tending to prove anything of the kind.

Is the verdict, then, so excessive or outrageous, with

reference to all the circumstances of the case, as to demonstrate it?  *Wiggin vs. Coffin*, 3 *Story* 1.

We do not think so.  We think that if the jury believed the plaintiff, there was evidence before them from which they might fairly infer that the defendant's sense of public duty was quickened on this occasion by personal feeling We think too that they might well have seen a reckless indifference to plaintiff's feelings, and even to his "personal rights," in leaving him thus locked up, after, in defendant's own opinion, all danger was over, which might appear to them to savor of oppression and abuse of power.  Nor do we think that imprisonment for that length of time in the dark and filthy cell that this was proved to be, can reasonably be said to be a "*nominal detention.*"  There is, therefore, no ground for our interference with this decision.

Order affirmed.