# Hamilton F. Simmons

## vs.

# The St. Paul and Chicago Railway Company.

The charter of the appellant provides, that upon an appeal from an award by commissioners, for land taken by appellant for its purposes, to the district court, "Either party shall be entitled to a change of venue for the trial of said cause upon affidavit filed, stating the belief of the affiant that a fair trial cannot otherwise be had; the change of venue shall be to the nearest county where a fair trial can be had." *Held*, that as this does not put upon the district court the duty of ascertaining for itself which such nearest impartial county is, if the party moving for a change of venue to the nearest impartial county does not furnish the court with proof, upon which it may act, as to which such county is, error cannot be assigned upon its denial of the motion.

In a case in which the question for the jury was, what was the value of the land taken for its purposes at the time of the taking, the court allowed respondent's witnesses to be asked: "What was the farm worth at the time the railway company took possession? And what was that farm worth at the time the railway company entered upon it, deducting the strip taken from it by the company for its purposes?" *Held*, not to be error, nor inconsistent with the opinion of the court in Winona & St. Peter R. R. Co. vs. Denman, 10 Minn. 267.

State vs. Staley, 14 Minn. 105, and subsequent cases followed, as to the insufficiency of a general exception to a general charge.

There being no evidence in the case that the road benefited the plaintiff's farm in any manner whatever, it was not error that the charge omitted to direct the jury to allow for the benefits, if any, to the farm by reason of the taking.

Error cannot be assigned, by the party excepting thereto, upon an erroneous qualification of an erroneous instruction, which had been given at his request.

Simmons v. The St. Paul and Chicago Railway Co.

Where an instruction is asked for which contains more than one distinct proposition, if they are not all correct, and it is asked to be given as a whole, it is not error to refuse to give it as asked.

Where the amount of damage done to property is in controversy, persons acquainted with it may state their opinion, as to the amount of the damage.

Commissioners were duly appointed under defendant's charter, to make an appraisal and award for the lands taken by defendant for the purposes of its road. The defendant took an appeal from the award of such commissioners, in appraising the compensation due the plaintiff, to the district court for Goodhue county. A trial was had before a jury in that court, and the defendant, not satisfied with the verdict, made a motion for a new trial, and from an order denying such motion, it appeals to this court. The case is fully stated in the opinion.

PHELPS & TABER, and SEAGRAVE SMITH, for Appellant.

W. COLVILL, and J. C. McCLURE, for Respondent.

*By the Court.*—RIPLEY, CH. J.—Respondent appealed to the district court of Goodhue county, from an award of commissioners appraising the value of certain land of his, taken by defendant under its charter. The cause being upon the calendar for trial the defendant moved for a change of venue. Said motion was based upon the affidavit of D. M. Taber, its attorney of record, and the other affidavits hereinafter mentioned. Taber's affidavit states his belief that a fair trial of said action could not be had unless a change of venue was granted, and the place of trial changed to some other county than Goodhue; stating also his belief that a fair trial could not be had in either Dakota or Wabasha counties, and that Washington county was the nearest county to Goodhue in which a fair

trial could be had. The affidavit states, in conclusion, that the defendant, therefore, prays that a change be had to some county "other than Goodhue, Dakota or Wabasha," viz.: to the nearest county in which a fair trial of said cause could be had.

The charter of the company provides that the clerk of the district court shall enter the appeal, as a case, upon the docket of said court, setting down the land owner as plaintiff, and the company as defendant; and said court shall proceed to hear and determine such case, in the same manner that other cases are heard and determined in said court. *Extra Session,* 1857: *ch.* 1, *sec.* 13. It is to be governed, therefore, by the rules of practice in that court, unless the charter makes a different provision in any respect.

It provides in the same section that, " Either party shall be entitled to a change of venue for the trial of said cause on affidavit filed stating the belief of the affiant that a fair trial cannot otherwise be had; the change of venue shall be to the nearest county where a fair trial can be had." The affidavit of the party is not required. By analogy to proceedings by attachment, for publication of summons, &c., we think that an affidavit by some one on behalf of the party is contemplated. Indeed, the fact that one party is a corporation, makes this construction necessary. The affidavit of the attorney of record is, of course, sufficient.

The affidavit, and those of Danforth and Kemp, agents of the defendant, filed therewith, also state facts tending to prove that a fair trial could be had, neither in Goodhue, Dakota or Wabasha.

Plaintiff filed a great number of affidavits, stating facts which tended to prove that a fair trial could be had in Goodhue county. The motion was heard upon the affidavits and counter-affidavits, and denied. The reason does not appear.

Simmons v. The St. Paul and Chicago Railway Co.

The circumstances lead to the belief, that the parties, and the court alike acted on the belief, that it had a discretion not to change the venue from Goodhue, unless the proof satisfied it that a fair trial could not otherwise be had. If so, the refusal would seem to have been justified by the weight of evidence.

But it is, of course, immaterial in this court why the motion was denied. It must appear affirmatively upon the record, that said denial was error, or we cannot interfere; and we do not think that the record shows this.

The appellant contends in this court, that the district court had nothing to do with the question whether or not, in point of fact, a fair trial could be had in Goodhue county, if the affidavit of Taber, aforesaid, stated his belief that it could not. Whether the appellant is right in this construction of its charter, it is unnecessary to decide. Assuming that it is so, still the charter does not put upon the district court the duty of ascertaining for itself, upon the filing of the affidavit, which such nearest impartial county is. If, as a matter of practice, it is enough to move the court to change the venue to " the nearest county in which a fair trial can be had," it is certainly the duty of the moving party to furnish the court with proof, upon which it may act, as to which that county is. If this be not done, error cannot be assigned upon a refusal of the court to look up evidence for itself upon the point; and the defendant furnished no proof whatever.

All that Taber's affidavit contains on the point, is a statement of his belief that Washington county is the nearest impartial county. The others do not state even that. They state a belief that said county is the nearest county where a fair trial can be had, which is easy of access; but this is wholly beside the question. Taber's belief, aforesaid, was, therefore, all that was offered to the district court upon this point. But, unless some statute provided otherwise, it could

only be required to act on proof, not mere naked belief. It may be added, that such was *prima facie*, an unreasonable belief, Washington being separated from Goodhue, while nothing is alleged against Rice, Dodge or Olmsted, by which the latter is actually in part bounded.

The court could not change the place of trial till it knew to what county such change was to be made. The defendant's moving papers, then, being insufficient to set the court in motion, it cannot complain that the court refused to move.

At the time of the trial, the defendant's road had been nearly all graded across plaintiff's farm. The defendant's charter (sec. 13) provides that the jury "shall assess the value of the lands so entered upon, taken, possessed, occupied and used, by said company, at the time when the same was entered upon and taken," &c.

The plaintiff's witnesses were respectively asked the following questions, the defendant's objections thereto, that they were incompetent and irrelevant, and not the proper mode of ascertaining the value of the land taken, being overruled, viz. :

" What was that farm worth at the time the railroad took possession of it ? What was that farm worth at the time the railway entered upon it, deducting the strip taken from it by the railway company for its purposes ?

It is of no consequence in this case, how far the value of the land taken, at the time of the taking, is that just compensation without which private property cannot be taken for public purposes. *Hursh vs. First Div. St. Paul & Pac. R. R.,* 17 *Minn.* 439.

The scope of this appeal was but to secure a re-trial of the same matter submitted to and passed upon by the commissioners.

As to what the charter means by the " value of the land taken," the defendant " neither claims nor assumes" in this

court, (although it did claim in the district court) that the
word "value" is to be confined to the value of the isolated
strip taken, but that it comprehends all that is implied by com-
pensation, as used in the constitution, and means the value of
the strip taken, together with such additional value as thereto
attaches by reason of its use in connection with adjacent land
of the same owner.   Upon this theory, it is not perceived
wherein the court below erred in overruling the objection,
aforesaid, to said questions; for that must be taken to be, that
those questions were not the correct mode of ascertaining
such just compensation aforesaid.

In this, however, the defendant is opposed to high authori-
ty, which, while agreeing with the defendant and its charter,
as it here interprets it, that when the question of compensa-
tion is presented the only proper inquiry is, what is the value
of the land taken, holds the opinion, nevertheless, that the
proper way of finding that out is to enquire, what is it now
fairly worth in the market, and what will it be worth after the
improvement is made.   *In the matter of William St.,* 19 *Wen-
dell,* 678, 690; 17 *Wendell,* 649; *Troy and B. Railway vs. Lee,*
13 *Barbour,* 169; *Canandaigua Railway vs. Paine,* 16 *Barbour,*
273.   "The value of the land taken to the owner   *   *   *   *
is most readily and fairly ascertained by determining the value
of the whole land without the railway, and of the portion
remaining after the railway is built.   The difference is the true
compensation to which the owner is entitled."   1 *Redf. on Rail-
ways, ch.* 11, *s.* 9, § 71, approved in *San Francisco, &c., Railway
vs. Caldwell,* 31 *Cal.* 367.

We cannot see why this is erroneous, nor if this be the way
of getting at the value of the land taken to the owner, it is
not allowable to ask witnesses the direct question, what the
land is now worth, and what it will be when the work is com-
pleted.

In Ohio, it has been held that the witness may give his opinion as to the value of the whole land both before and after the location. *Cleveland, &c., R. R. Co. vs. Ball*, 5 *Ohio*, (*N. S.*) 568 ; so too, in Indiana. *Evansville R. R. vs. Cochran*, 10 *Ind.* 560. In Pennsylvania it has been held that evidence is admissible as to what the property would have sold for before and after the road was made, and such difference in value is the measure of damages. *East Penn. R. R. vs. Holtenstone*, 47 *Penn.* 28. The questions proposed to plaintiff's witnesses fall within these rulings. The witnesses were asked as to the value when the company took possession, but that implies a taking for its purposes. *Hursch vs. First Division St. Paul & Pacific R. R., supra.* Nor do we see why the answers were not quite as proper as the evidence of defendant's witnesses, that the difference in value of the whole farm by reason of the taking, of the strip, was about a certain sum. In one case the jury are left to make the necessary subtraction, in the other it is done for them.

Nor do we see wherein the form of plaintiff's questions excluded defendant from testing, on cross-examination, the judgment and estimates of the witnesses, as to damages resulting to the rest of the farm, or why the defendant's witnesses could be more easily tested in those matters. The defendant on cross-examination, brought out the fact that certain parts of plaintiff's farm were not injured. We cannot see why it would not have been just as proper to inquire as to what portions were injured, and wherein, and why the witness thought so ; in short, to get at his reasons for thinking that whereas the farm was worth $5,000 before, it was worth only $3,800 after the taking.

The defendant's objection finds no support in what is said in *W. & St. P. R. R. vs. Denman*, 10 *Minn.* 267.

The charter in that case provided for compensation for the

Simmons v. The St. Paul and Chicago Railway Co.

taking or injuriously affecting the land, and the court say that " upon the theory that the correct standard of damages is the difference in value between the land with and without the railroad, it would not be necessary, even if proper, to put the inquiry in the general form, ' What is the difference between the value of the land with and without the railroad ? ' " something tantamount to which must have been the question adopted by the defendant in the case at bar.    An intelligent answer being necessarily the result of calculation, the court think it quite as proper (to say the least) to ask for the steps of the process, as for the general result.    Here the defendant asked for the general result.    The plaintiff did not, though his second question asks for a result of calculation.    But as the court do not *decide* against defendant's question, still less can that decision be quoted against the plaintiff.

The court, at defendant's request, instructed the jury, in substance, that the only question for them was what was the value of the land taken, at the time it was taken.    That they should determine from the evidence in the case the value of the strip of land taken by the company at the time it was taken, and their verdict should be for that amount, and that they should assess its value at the time the company entered upon and took it.

The defendant took a general exception to the refusal of the court to give certain other instructions asked, and to certain modifications and qualifications of those given, including the qualification of those above mentioned, hereinafter specified.

The defendant is now of opinion that the above instructions did not state a correct mode of getting at the sum to which plaintiff was entitled, which it says is substantially the same as that which the court had just before given at plaintiff's request, the defendant excepting thereto, viz : that he was

entitled to recover the value of the land appropriated by the defendant for its purposes, adding thereto the damages, if any, to the balance of the farm occasioned by the taking, less the benefits, if any, to the rest of the farm by reason of such taking. The defendant complains in this court, that the district court, in giving the above instructions, at its request, as aforesaid, qualified them by adding, that the mere value of the strip taken was not the criterion of value; that what is meant by the value of the land taken, is the fair market value of the strip taken, adding thereto the resulting damages to the balance of the farm; and that in arriving at the value of the land taken, the jury will consider it in connection with plaintiff's whole farm, and decide from the evidence how much less, if anything, the whole farm would be worth after the strip taken had been appropriated, and that it thereby nullified the effect of the instruction given at plaintiff's request, as aforesaid.

In the first place, the defendant's general exception was not well taken, and amounts to nothing. *Judson vs. Reardon*, 16 *Minn.* 431; *Baldwin vs. Blanchard*, 15 *Minn.* 489; *State vs. Staley*, 14 *Minn.* 105, *and cases cited.*

This is a sufficient answer to all defendant's objections to the charges of the court, and refusal to charge. But the same thing would be true, of a specific exception to the qualification. The first branch of it is, indeed, inconsistent with the instruction aforesaid, given at plaintiff's request, in that it omits benefits; but the direction to the jury how they are to arrive at the value of the land taken, is a distinct proposition, complete in itself, and the difference in value thereby arrived at is, as we have seen, exactly the general result which was to be determined upon the whole evidence. An exception to the whole qualification would therefore amount to nothing.

Nor could the omission of benefits aforesaid, mislead the

Simmons v. The St. Paul and Chicago Railway Co.

jury. There was no evidence in the case that the road bene-
fited the plaintiff's farm in any manner whatever. Further
than this, the defendant can no more assign for error in this
court, that the district court by this qualification nullified
the effect of an instruction to which it had excepted, than it
could have assigned it as error, if the court upon such excep-
tion taken had withdrawn such instructions.

The case, so far as defendant is concerned, is but that of an
erroneous qualification of an erroneous instruction, which had
been given at its request. This would give it no claim to
relief.

Suppose, too, that a separate exception had been taken to
the refusal of the court to give the fourth instruction asked
by defendant, and of which refusal it complains, viz. :

" The opinions of witnesses as to the amount of damages
done to or sustained by Simmons, by the construction of the
road over the premises, are not competent evidence.

" The jury are to form their conclusions in relation to the
same from the facts proved.

" When witnesses give their opinions as to the value of
property, those opinions are entitled to little weight, unless
their reasons for such opinions are good and satisfactory to
the jury."

There are here three distinct propositions, the first two of
which, at least, are objectionable, and being asked as a whole,
it is not error to refuse to give it as asked.

Taken literally, the first proposition applies to nothing in
the case, but a statement by one of defendant's witnesses that
the whole farm is not injured more than $500 by the railroad
company taking this strip of land, for no other witness gave
an opinion as to the amount of said damages.

The proposition, therefore, was really nothing more than a
pure abstraction so far as the defendant's appeal goes. But it

is not correct in the abstract. We agree with the supreme court of Massachusetts that where the value of property, real or personal, is in controversy, persons acquainted with it may state their opinion as to its value; also where the amount of damage done to property is in controversy, such persons may state their opinion as to the amount of the damage. *Shattuck vs. Stoneham Branch R. R.*, 6 *Allen*, 115. We need only refer to the opinion in the case, for the reason why this is so.

The next proposition was of course objectionable, because in that connection it would give the jury to understand they must exclude all opinions.

The result is that the order appealed from must be affirmed.