JAMES S. FERSON

*vs.*

JOHN D. WILCOX, *et al.*

Consideration of the sufficiency of the evidence to justify the verdict in this case.

A statement of fact made by counsel in his opening to the jury is not a binding admission dispensing with the necessity of proof, not being "distinct and final, and made for the express purpose of dispensing" with such proof. *State vs. Staley*, 14 *Minn.* 105; *Baldwin vs. Blanchard*, 15 *Minn.* 489; *Judson vs. Reardon*, 16 *Minn.*, 431, followed as to the insufficiency of a general exception to a charge consisting of several distinct propositions.

This is an appeal by defendants from the order of the district court for Chisago county, denying their motion for a new trial. The case is sufficiently stated in the opinion of the court.

CORNMAN & LECKY, for Appellants.

JAMES N. CASTLE, for Respondent.

*By the Court.*—BERRY, J.—This action was brought to recover damages for the wrongful taking and conversion of two yoke of oxen, and two sleds, property of the plaintiff. Trial was had by jury in the district court for Chisago county, resulting in a verdict for plaintiff for $335. Defendants moved for a new trial; 1st, because the verdict is not

justified by the evidence; 2d, because of error in law occurring at the trial, and excepted to. In support of the first ground, defendants' counsel claims that there was no evidence connecting defendants with the wrong charged. This is a mistake. Defendants' answer, as it occurs to our minds, distinctly confesses their connection with the transactions complained of, and which form the subject of this action. In addition to this there was evidence in the case showing (if it was believed, which was a matter for the jury,) that both defendants were present at, and took part in the sale which plaintiff claims to have been wrongful, and bid in some of the property. There was also evidence tending to show that defendant Wilcox assumed to control the sale to some extent, and that some of the property was carried away by defendant Liebow. We are at a loss, then, to see how it can be successfully contended that there was not such evidence in the case as would justify the court below in denying the motion, so far as the first ground is concerned.

In opening his case, plaintiff's counsel stated, among other things, that the taking complained of in this case was by one Curry, a constable, under an execution issued by defendant Wilcox, as justice of the peace, upon a judgment rendered by him in an action in which defendant Liebow was plaintiff, and plaintiff Ferson was defendant, " and that said execution and all proceedings under it were void, for the reason that said dedefendant Wilcox had not filed his bond as justice in the office of the clerk of Chisago county, at the time said judgment was rendered." Defendants claim that this was an admission, (as we understand their position,) of a taking under an execution and judgment valid except for the objection above mentioned; which objection, defendants further contend, is of no importance. Defendants also claim that the admission is of the nature of an admission of record, dispensing with the necessity

Ferson v. Wilcox et al.

of proof. In our opinion, however, the admission is not an admission that there is no other objection to the validity of the execution and judgment, except that mentioned. Neither, if the extent of meaning claimed for the admission be granted, is it a conclusive binding admission of the truth of the statements made. To be such, " admissions must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial." 1 *Gr. Ev.* § 186. See also, *Gen. St., ch.* 88, *sec* 8.

As to the other ground upon which the motion for a new trial was based, viz. : error in law occurring· at the trial and excepted to, the facts are these : The court, at plaintiff's request, gave to the jury five distinct and distinctly numbered instructions. The only exception taken to them is stated in the record in these words, viz. : " To all of which charges the defendants then and there excepted." As no fault is found with most of the instructions then given, and as there would seem to be no ground for complaining of most of them, this mode of excepting is entirely futile. *State vs. Staley,* 14 *Minn.* 105 ; *Baldwin vs. Blanchard,* 15 *Minn.* 489 ; *Judson vs. Reardon,* 16 *Minn.* 431.

The exception to the refusal of the court to give the four separate instructions asked for by defendants, was equally general and ineffectual. Several of them (aside from other objections) have no application to the case in the actual state of the evidence.

Order denying new trial affirmed.