RUDOLPH LEHMICKE, Administrator, &c.

*vs.*

THE ST. PAUL, STILLWATER & TAYLOR'S FALLS RAILROAD CO.

The company instituted proceedings under *Gen. St.*, *ch.* 34, in Ramsey county, to obtain the right of way through land of respondent's intestate in Washington county. The commissioners appointed by the district court of Ramsey county made and filed their award of damages, from which respondent appealed to said district court, which, on his motion, and on the ground that the ends of justice, and the convenience of witnesses would be promoted by the change, ordered the place of trial of said appeal to be changed to Washington county. After verdict in Wash-

Lehmicke v. The St. Paul, Stillwater and Taylor's Falls Railroad Co.

ington county, the appellant moved for a new trial on the ground of irregularity in the proceedings of the court, and abuse of discretion, and that certain orders of the court were made by which the appellant was prevented from having a fair trial. *Held,* that the order aforesaid, of the district court for Ramsey county, was not reviewable in this court on an appeal from the order of the district court of Washington county denying said motion. Under the circumstances of this case, however, the power of the district court for Ramsey county to make such order is considered and affirmed.

A witness testified that he knew the property in question "by sight." He had lived for twenty-two years about three miles from the city of Stillwater. The property had been occupied as a tavern stand for about ten years, and lay between Stillwater and his residence. *Held,* that he was acquainted with the property within the rule, that when the value of property is in controversy, persons acquainted with it may state their opinion as to its value.

Upon an issue as to the value of real estate, evidence is not admissible to prove what other property in the vicinity has been offered at.

In this case an appeal was taken by Lehmicke, as administrator of the estate of one Jacob M. Henry, deceased, to the district court for Ramsey county, from the report of the commissioners appointed to assess the damages arising to private individuals from the construction of the railroad of defendant under the provisions of *Gen. Stat., ch* 34, a portion 'of the lands belonging to said estate being embraced in said report. Plaintiff moved to change the place of trial to the district court of Washington county, which was granted, against the objections and exceptions of the defendant. Upon the trial in the district court for Washington county, a verdict was rendered for plaintiff, and a motion for a new trial was made by the defendant, which was denied. The case is brought to this court by defendant, upon an appeal from the order denying the motion for a new trial.

In addition to the objections and exceptions taken to the change of the place of trial, exceptions to the admission of

evidence, and the charge of the court, were also duly taken by defendant, respecting which the opinion contains a sufficient statement.

JOHN B. & W. H. SANBORN, for Appellant.

I. The district court for Ramsey county had no authority to grant, or jurisdiction of the motion to change the venue in this case; and the district court of Washington county had no authority to try or jurisdiction of said case.

1st. This was not a civil action, but a special proceeding under the statutes for the condemnation of lands. *N. Y. Cent. R. R. Co. vs. Marvin,* 11 *N. Y.* 277.

Without the provision of the statutes found in section twenty-two, page two hundred and sixty-seven, the report of the commissioners would have been final and conclusive as to the amount of damages to be paid for the land taken under these proceedings. Under that provision, an appeal from their assessment "may be *taken and prosecuted* in the court where the report of said commissioners is filed."

Such appeal can be taken to no other court. Such appeal can be prosecuted in no other court.

Farther than this. Mr. Lehmicke himself brought this appeal to the district court of Ramsey county, and certainly *he* could not be heard to remove it. *Gen. Stat.,* sec. 22, *p.* 267.

2d. This power of condemnation is a statute power in derogation of common right, and unless the statute be strictly followed, all proceedings in the attempted exercise of this power are entirely void.

The railroad company was endeavoring to acquire the right to use the land in question for its railroad, by virtue of its statutory power.

The company had a RIGHT to have the appeal tried in the

Lehmicke v. The St. Paul, Stillwater and Taylor's Falls Railroad Co.

only court which under that statute could enter a judgment, the payment of which would vest in said company the easement sought to be acquired.

The payment by the company of any judgment the district court of Washington county might render in this case, would confer upon it no right and vest in it no title, interest or easement whatever in the land sought to be condemned.

The case must be remanded to the district court of Ramsey county, and there tried.

*Gen. Statutes, sec. 26, page* 267 ; *Sharp vs. Spier,* 4 *Hill.* 86, *and cases there cited ; Adams vs. Saratoga and Wash. R. R. Co.,* 10 *N. Y.* 332; *Striker vs. Kelley,* 2 *Denio,* 330 ; 7 *Hill.* 25 ; *Doughty vs. Hope,* 3 *Denio,* 599 ; *Sherwood vs. Reade,* 7 *Hill.* 434; *Ronkendorf vs. Taylor,* 4 *Peters,* 349 ; *Thatcher vs. Powell,* 6 *Wheat.* 119, 127 ; *Yallabusha vs. Carbury,* 3 *S. and M.,* 529.

II. The court below erred in permitting witnesses who testified that they had no knowledge of the market value of the property in question, or of property in its vicinity, to give their *opinion* of its value as evidence for the jury.

We believe the true principle and rule of evidence here to be that established by the courts of New Hampshire, that facts only, and not opinions, should be given in evidence upon this subject.   *Rochester vs. Chester,* 3 *N. H.* 349 ; *Peterboro vs. Jaffrey,* 6 *N. H.* 462 ; *Beard vs. Kirk,* 11 *N. H.* 349 ; *Hoitt vs. Moulton,* 1 *Foster,* 586.

The courts of New York, however, and of some of the other states, have permitted witnesses who have shown by their testimony that they had peculiar sources of knowledge of the value of the real estate in question, from buying, selling and dealing in said property, or that in its immediate vicinity, not possessed by the jury, and who were familiar with the property and its value from personal observation and experience, to give their opinion of its value to the jury.

Now, the jury in this case had seen the property, been in and through the house.

The witnesses generally of Mr. Lehmicke show not even as much acquaintance with the property as this, and Mr. Rutherford was *certainly* incompetent.

This property consisted of a tavern and four town lots just out of Stillwater.

Mr. Rutherford testified that he was a farmer; that he had never bought or sold any real estate since he bought his farm in Grant, Washington county, twenty-three years ago; that he knew of no property being bought or sold in the vicinity of this property for two years prior to the taking by the railroad; that he knew the property by sight only; that all the way he knew the value of the lots was that he had his *opinion* of their value at the time of the taking and at the time of the trial.

On cross-examination he testified that he had no idea of the value of the naked lots; that the only knowledge he had of the value of the property was from a conversation with Henry, who told him he was to get $2,200 in trade for real estate.

Now this fact of an expected real estate trade for property estimated at $2,200, would have been incompetent as evidence for the jury to consider on the question of value.

Is the *opinion* of a witness founded entirely, as he testifies it is, on this one isolated, incompetent fact and that known to him only from hearsay, any *less incompetent* evidence upon this question of value?

Mr Rutherford's evidence shows that he was not as familiar with the property as the jury themselves; and that he knew nothing whatever of the market value of that property or the property in that vicinity in A. D. 1871.

A witness who does not show by his evidence that he has some means of knowledge beyond the reach of the jury, that

Lehmicke v. The St. Paul, Stillwater and Taylor's Falls Railroad Co.

he has personal knowledge of the property taken, and that from his own experience and observation, either in dealing in this property, or like property in its immediate vicinity, or from his own knowledge of others' dealings therein, he has become acquainted with its market value, is *not competent* to give in evidence his *opinion* on that subject. · *Evansville Railroad Co. vs. Fitzpatrick*, 10 *Ind.* 122 ; *Harris vs. Panama R. R. Co.* 3 *Bosw.* 7–17 ; *Van Dusen vs. Young*, 29 *Barb.* 9 ; *Flint vs. Flint*, 6 *Allen*, 34 ; *Buffum vs. N. Y. & Boston R. R. Co.*, 4 *R. I.* 221 ; *Fowler vs. Co. Commissioners of Middlesex*, 6 *Allen*, 97 ; *Clark vs. Rockland Water Power Co.* 52 *Maine*, 68, 77 ; *Clark vs. Baird*, 9 *N. Y.* 183, 196 ; *Hager vs. Edmonds*, 4 *Barb.* 258 ; *Laurens vs. Caryl*, 4 *Denio*, 373 ; *Lincoln vs. Schenectady & Saratoga R. R. Co.* 23 *Wend.* 433 ; *The Isaac Newton*, 4 *Blatchford*, 22 ; *Shaw vs. Charlestown*, 2 *Gray*, 107 ; *Dwight vs. Comr's of Hampden*, 11 *Cush.* 201–203 ; *Walker vs. Benton*, 8 *Cush.* 279 ; *Robertson vs. Knapp*, 35 *N. Y.* 91 ; *Elfelt vs Smith*, 1 *Minn.* 125 ; *Sedgwick on Damages*, 589–592.

2d.  No instruction of the court to the jury as to the weight they should give to evidence, not even an instruction that they should *disregard* incompetent evidence can cure the error of its admission.  *Englehart vs. Sutton*, 7 *How. Miss.* 99 ; *Wyman & Lexington vs. West Conn. R. R. Co.* 13 *Met.* 324–327.

Nor can the admission of improper evidence be cured by the admission of proper evidence to the same point, since it cannot be known on which the jury relied.  *Whitman vs. Farmers' Bank*, 8 *Port.* 258.

III.  The court below erred in excluding the testimony of Alpheus B. Stickney as to the rates of sales of the property adjoining that in question. *White vs. Concord R. R. Co.* 10 *Foster*, 188.

IV.  Mr. Rutherford testified that " the danger of trains passing, human life being destroyed, and of fires from the

engines, &c., entered into his estimate of damages, and that it formed a large part of the damage in his estimate."

The railroad company requested the court to charge the jury that such damages were not to be considered by them in determining the amount of damages sustained by, or the compensation to be made to, the owner by this company; but that such events would each as they occurred give to the party injured a right of action against the corporation for the damages sustained thereby. The court erred in refusing to give said charge. *Lehigh Valley Roilroad Co. vs. Lazarus*, 28 *Penn* 205; *Sunbury & Erie R. R. Co. vs. Hummel*, 27 *Penn.* 105; *Lee vs. Milnor*, 2 *Mees & Welsby*, 824; 2 *Am. Ry. Cases*, 36–38, 10 *Mees & Welsby.* 425; *Patten vs. Northern Cent. R. R. Co.* 33 *Penn.* 435.


JAMES N. CASTLE, for Respondent.


I. The district court of Ramsey county had authority to change the place of trial in this case.

The appeal was taken to that court, because, under the provisions of the statute, it could be taken to no other. *Sec. 22 of chap.* 34, *General Statutes.*

When in the court in which the original proceedings were had, the same shall be " submitted and tried as other appeal cases are tried." *Sec. 25 of same chapter.* This would imply that once in the court, the same proceedings may be had as in other cases properly before the court, including the right of the court—upon cause shown—to change the place of trial. And, here we may remark, that it is not contended that *judgment* shall be rendered, in the court of Washington county, in the premises; should the appellant desire, it may be done in the court in which the original proceedings were had. Yet we can see no reason why, if the district court of Washington

Lehmicke v. The St. Paul, Stillwater and Taylor's Falls Railroad Co.

county has authority to try, it might not properly enter up judgment, and as the land is in said county, such a proceeding would seem eminently proper.

The case of *N. Y. Cent. R. R. Co. vs. Marvin*, 11 *N. Y.* 277, cited by appellant, is not in point. By the code of New York, under which this decision was rendered, remedies were divided into " actions and special proceedings." *Secs.* 1, 2 *and* 3 *of code.* Under our statute no such provision exists. *Sec.* 1, *chap.* 66, *Gen. Stat.* And the provisions of *sec.* 42, *title* 4, of such chapter, would apply as well to cases of this character as any other. It is even doubted, in New York, if proceedings of this character are not in their nature actions. 12 *How. Pr. Rep.* 97.

We concede that a statute authority by which a man may be divested of his estate must be strictly construed, but this applies—more especially—as against those who seek to avail themselves of its provisions. See authorities cited by appellant upon this point.

II. The testimony of the witnesses as to the damages sustained by the respondent from the taking of his land by the railroad company was properly admitted. *Rochester and Syracuse R. R. Co. vs. Budding*, 12 *Howard Pr. Rep.* 290 ; 4 *Conn.* 203 ; 7 *Sergeant & Rawle*, 90 ; 6 *Conn.* 13 ; *Clark vs. Baird*, 9 *N. Y.* 133 *and cases cited* ; *Watson vs. Bauer*, 4 *Abbott's Pr. N. S.* 273 ; *Curtis vs. Gano*, 26 *N. Y.* 426 ; *McDonald vs. Christie*, 42 *Barb.*; *Lincoln vs. Schenectady & Saratoga R. R.*, 23 *Wend.* 424 ; *Robertson vs. Knapp*, 35 *N. Y.* 91, *cited by appellant's counsel, we think is equally in point, and also Shaw vs. Charlestown*, 2 *Gray* 107, *and cases cited.*

It would *seem* that the qualifications of a witness offered in this capacity is a question of fact for the court in the exercise of its discretion ; and the decision in such case is not subject to exception or revision. *No.* 10, *vol.* 2, *U. S. American*

*Law Register.* And that the weight and value of such testimony is a question for the jury. *Dwight and others vs. County Commissioners of Hampden,* 11 *Cush.* 201; *Wyman vs. Lexington and West Cambridge Railroad,* 13 *Met.* 316.

The witness Rutherford fully shows himself competent to give testimony as to the damage sustained by respondent. It is true that he is made to say in the paper book that "I got my idea of value from the owner," and were this all means of knowledge we concede it were insufficient. But he testifies: "Know the property; had lived twenty-two years within three miles of it; knew what it was worth before being damaged and immediately after.

"I have seen buildings abutting on railroads; I get at the value of property from what it is buying and selling for." He showed himself qualified and we submit that a witness who has resided within three miles of the property in question for twenty-two years, has seen the city in which these lots are situate grow from a few straggling houses in 1850, to its present proportions, would, from the very nature of things, know something of the value of real property therein.

III. If the court erred in excluding the testimony of Alpheus B. Stickney in the first instance as to the rates of sales, it was subsequently corrected, as Mr. Stickney was afterward recalled by the consent of all parties, and stated the sales within his knowledge.

IV. The court correctly refused to charge the jury as requested in charge 3. A *portion*, at least, of the charge was erroneous, viz.: increased danger from fire. *Harrington vs. St. P. & S. City R. R. Co.,* 17 *Minn.* 225.

As a whole there are no substantial objections to the charges of the court.

*By the Court.*—RIPLEY, CH. J.—The railroad company insti-

tuted proceedings under *Gen. St.*, *ch.* 34, to obtain the right of way through the land of respondent's intestate (one J. M. Henry), situate in Washington county, by application to the district court of Ramsey county, under *section* 14, for the appointment of commissioners to assess the damages arising to said land by reason of the taking.

The commissioners made their award and filed it in the clerk's office of the district court for said Ramsey county pursuant to *sec.* 20, and the respondent appealed therefrom to the said district court. He also moved in the said court that the place of trial of said appeal be changed from said Ramsey county, to said Washington county, upon the ground that the ends of justice, and the convenience of witnesses, would be promoted by the change.

This motion was opposed by appellant on the following grounds, viz.: 1st. That the appellant who brought the case to said court could not be heard to remove it. 2d. That this was a proceeding provided for by special statute. That in such a case the statute must be strictly followed, and that the court had no authority to grant, or jurisdiction of said motion. The district court granted the motion, and the case was tried in the district court for Washington county, and a verdict returned assessing said damages in the sum of thirteen hundred dollars.

The appellant thereupon moved for a new trial on the following grounds: 1st. On the ground of irregularity in the proceedings of the court, and abuse of discretion, and that certain orders of the court were made by which the appellant was prevented from having a fair trial. 2d. Excessive damages. 3d. That the verdict is not justified by the evidence, and is contrary to law. 4th. Error in law occurring at the trial and accepted to.

The present appeal is taken from the order denying such

motion. The first ground of said motion has reference to the action of the district court for Ramsey county in changing the place of trial. We are unable to see how the regularity of the proceedings of the district court aforesaid, are before us upon this appeal.

The appellant says it has not had a fair trial, because it was entitled to a trial in Ramsey county. But the irregularity referred to in the statute, means irregularity of the court that tried this case, not of another court in sending the case there for trial. How does the district court for Washington county get its authority to *review* the action of the district court for Ramsey county?

That is not within the scope of this motion for a new trial.

Suppose that the court below had granted the motion for a new trial, such new trial must necessarily have been had in Washington county, for the order granting such new trial would not operate a re-transfer of the case to Ramsey county. It would seem to follow, that upon the motion for a new trial, the regularity of the proceedings aforesaid, of the district court for Ramsey county, could not be drawn in question before the district court for Washington county. If they were not within the scope of the motion in the district court, they would appear not to be within the scope of this appeal, which seeks to reverse the order denying a new trial. If that is done, the case will stand for trial in Washington county. It is a novel reason for reversing an order denying a new trial in Washington county, that the case ought not to be tried there.

The appellant, perceiving the difficulty, suggests, as we understand its argument, that inasmuch as upon the settled case the proceedings of the district court for Ramsey county are before us, we may not only properly review them upon this appeal, but may, besides reviewing the order appealed

Lehmicke v. The St. Paul, Stillwater and Taylor's Falls Railroad Co.

from, remand the case to the district court for Ramsey county for trial.

But it does not follow because the proceedings of the Ramsey county district court are set out in the case, that they are therefore before us in this appeal. The appellant says that the settled case presents a question of the jurisdiction of the Ramsey county court to change the place of trial, and that a question of jurisdiction may be reversed at any time, and so it may, but not in any manner.

This appeal raises the question, whether there shall be a new trial in the district court for Washington county. It is as much outside the scope of such an appeal to bring before us for review the validity of the order of the district court for Ramsey county, changing the place of trial of this case, as it would be outside the scope of a motion for continuance. *Gen. Stat., ch.* 86, *s.* 5. Some statutory authority would be requisite to enable us on this appeal thus to review the order of the district court of Ramsey county.

If, however, an appeal lay from the judgment rendered on the verdict in this special proceeding, then such action of the district court might be reviewed under *Gen. Stat., ch.* 86, *sec.* 8, *p.* 1. And though no appeal lies from such judgment, the appellant might raise the question upon certiorari. This being so, for the prevention of future litigation, we proceed to pass upon the questions presented with respect to the validity of the order of the district court of Ramsey county.

It is said, in the first place, that the place of trial could not be changed upon the application of the respondent, because he was the party who appealed from the award. If he had had any option in the matter, and could have appealed to Washington county district court, there might have been something to be said in favor of compelling him to try the case in Ramsey county. As it is, there is nothing in this

objection. As to the second ground upon which the motion was resisted in the district court, it is true that this proceeding to condemn respondent's land is under a statutory power in derogation of common right, and the appellant can only acquire an easement over these premises by a strict compliance with the statute.

But that gives it no right to a strict *construction* of the statute against the person whose property is to be taken.

The statute provides, (*Gen. St.*, *ch.* 34, *sec.* 22,) that appeals may be taken and prosecuted in the court where the report of the commissioners is filed. "Such appeal," says the appellant, "can be taken to no other court." "Such appeal can be prosecuted in no other court." The first proposition is certainly correct, for there is nothing in the statute that will authorize a different course The other is erroneous.

The statute has already been before this court, and its constitutionality upheld, despite objections to its propriety, fitness, and expediency, which address themselves to the legislature, not to this court. *Weir vs. St. P., S. &. T. F. R. R. Co.* 18 *Minn.* 155.

But where a statute of this character is fairly susceptible of two constructions, one of which is harsh and unjust towards the person whose property is to be taken, there can be no question as to the one which should be adopted. If the district court has no power to change the place of trial, then if this appellant's road run from Houston to Pembina, it might compel the owner of land in Houston, to submit the question of his damages to a jury in Pembina.

Such injustice is not to be imputed to the legislature, if it can be avoided by any reasonable construction of the statute. The special proceeding upon appeal taken as aforesaid, became, as between the parties to such appeal, a cause pending in the district court, in which the issue was the amount of

damages arising to the land owner from the taking of the land, after making due allowance for any benefit such land owner might derive from said improvement. *Secs.* 19, 22, 25.

This the law (*sec.* 25) directs, " and unless the parties otherwise agree, the matter shall be submitted to a jury and tried as other appeal cases are tried, and the court or jury, as the case may be, shall re-assess the damages aforesaid." That the case " shall be tried as other appeal cases are tried," does not refer simply to a jury trial is evident enough, for a trial by the court is contemplated. Other cases in which under the *Gen. St.* appeal may be taken to the district court, except appeals from justices' courts, are, 1st, from allowance or disallowance of claims against counties, *page* 113; 2d, from awards of commissioners under the mill dam act, *page* 240; 3d, from certain judgments and orders of the probate court, *pages* 366, 388, 398; 4th, from a report of commissioners on estates of deceased persons, *page* 377.

The provision in the mill dam act is identical with the one before us, which, we think, was taken from it.

The statutes relating to appeals from the probate court, give an appeal to the district court, in the cases specified on *page* 366; the mode of appealing from the judgment and order there mentioned is specified, and on *pages* 388 and 398 it is provided that the party aggrieved, in the cases there supposed, may " appeal," " as in other cases."

Appeals from claims against counties, and reports of commissioners on estates of deceased persons, are to be tried according to the rules for trial of civil actions, and are so analogous to appeals from justices' courts that they may be safely disregarded, and the great class of appeals from justices' courts be alone considered here as being those " other appeal cases," to which the legislature had reference. Upon filing the return of the justice the district court becomes possessed

of the action, and shall proceed therein, as near as may be as
in actions originally commenced in that court, except that
upon an appeal on questions of law alone, the action shall be
tried in the district court upon the return of the justice;
" upon an appeal taken upon questions of fact alone, or upon
questions of both law and fact, the action shall be tried in the
same manner as if originally commenced in the district court."
*Ch*. 65, *secs*. 106, 107, as amended by *Stat*. 1868, *ch*. 93, *s*. 2.
Questions of fact only are involved in this appeal. It would
not be questioned but that the district court could change the
place of trial of an appeal from a justice, but it may be said
that in such an appeal the district court is to proceed in the
same manner as in actions originally commenced therein,
whereas the provision as to *this* appeal is merely that the
case may be *tried* in the same manner. Suposing that *sec*.
107, above quoted, applied to this appeal, still, if the *manner*
of *trial* of an action in the district court, whether by the court
or jury, as the case may be, *ch*. 34, *s*. 25, does not involve the
place of trial, why should it be thought that the manner of
*proceeding* does ?

But we think that the provision of the statute, that this
appeal shall be tried as other appeal cases are tried, was
intended to give the district court, which had as full jurisdic-
tion over the parties and subject matter of the appeal as of
any other cause pending in that court, the same power over
the whole matter of the trial and determination of the case,
as it would have over the trial of an appeal from a justice's
court.

This must be so, we think, for these reasons : The provis-
ions as to *this* special proceeding to obtain right of way,
appear to be taken almost *verbatim*, with only the changes
necessary to make it applicable to the changed subject matter,
from the mode of proceeding pointed out in the mill dam act

Lehmicke v. The St Paul, Stillwater and Taylor's Falls Railroad Co.

for obtaining the right of flowage. *Gen. Stat., ch.* 31, *s.* 2 *to* 15; *ch.* 34, *s.* 14 *to* 26. The mill dam act of May 25, 1857, contained all these provisions, but they appear for the first time in the corporation act, in the Revision of 1866. But the justice's court appeal act contained in 1857, no provision for any notice of appeal, stating the grounds thereof, and, of course, none as to the effect of such notice upon the manner of trial. As the law then stood the district court was to proceed in the cause in the same manner, as near as might be, as in actions originally commenced in that court, except that the issues before the justice should be tried before the court above, without other or further new declaration or pleading, except in such cases as should be otherwise directed by the court. *Pub. Stat., ch.* 59, *s. s.* 139, 140. It would be absurd to have held, under those statutes, that the provision that an appeal from an assessment of commissioners was to be tried by the court or jury as other appeal cases, referred merely to the provision in the justice's act as to the issue having been tried in the district court upon the same pleadings as below.

If the district court would, as it certainly would, have th power to change the place of trial of a justice's appeal in a proper case, as, for instance, when there was reason to believe that an impartial trial could not be had in the court in which the appeal was pending, certainly it would have the like power under the mill dam act, or else the latter appeal would not be triable as other appeal cases were, *i. e.*, it would be triable only in a county where the chances were that a fair trial could not be had.

The exception introduced by the Revision ( *ch.* 65, *s.* 107 ) was but to limit the questions that might be raised on appeal, according to the scope of the notice of appeal;—an appeal upon questions of fact, was not to limit them at all.

Neither the present mill dam act, nor corporation act, con-

tain such provisions for a statement in the notice, of the ground of appeal. The appeal being upon one simple pure question of fact, such a proceeding would be altogether beside the case. Of course, then, the provision that when an appeal is taken upon a question of fact alone the action shall be tried in the same manner as if originally commenced in the district court, is really as inapplicable to this appeal, as the provision that an appeal taken upon question of law alone shall be tried upon the justice's return. *Sec.* 107 *of ch.* 65, as amended by *ch.* 93, *s.* 2, *Laws of* 1868, has, therefore, no application and no argument can be drawn from the wording thereof, against the power of the court to change the place of trial in this appeal.

If, as appellant suggests, we are to read the words " may be prosecuted in the court where the report is filed " as synonymous with " shall be prosecuted throughout in the district court for the county, in the district court clerk's office of which the report is filed, and in no other," the case would be different.

But authority to prosecute an appeal in the district court for Ramsey county, no more limits, in itself, the power of that court over the appeal when pending therein, than authority to appeal from a justice's judgment to the district court of the county where it was rendered, limits the power of the district court over such an appeal.

The objection that a judgment in Washington county would confer no title upon the company to the easement sought to be acquired, has no force if the court has jurisdiction to change the place of trial, for in that case the statute (*ch.* 66, *s,* 42) provides that all further proceedings, except by order of court, shall be had in the county to which the place of trial is changed; the judgment could be properly entered there, and vest the easement sought in the company. Certainly, too,

Washington county would seem to be the proper county wherein to enter a judgment affecting land in Washington county. We conclude, then, that the district court of Ramsey county had jurisdiction to order this change of venue.

As to the alleged errors of law occurring at the trial, the questions here raised have been all disposed of by decisions of this court already made, except as follows:

Where the value of property real or personal is in controversy, persons acquainted with it may state their opinion as to its value; also where the amount of damage done to property is in controversy, such persons may state their opinion as to the amount of the damage. *Shattuck vs. Strucham, Br. C. Co.* 6 *Allen*, 115. It is so held in this court. *Simmons vs. Chicago & St Paul Railway Co.* 18 *Minn.* 184; *Colvill vs. the same, Ante p.* 283.

Under this rule no question could be made as to the competency of any of plaintiff's witnesses to give their opinions on such points, except Rutherford.

As to him, however, it is insisted that he does not bring himself within the rule. As we understand the testimony, he resides about three miles from the city of Stillwater, and this property lies between his residence and Stillwater. On his preliminary examination he also testified that he had lived there twenty-two years, and further testified as follows: " I know the property of J. M. Henry by sight. I know what the property was worth before being damaged by the railroad. I think I know what it was worth immediately afterwards. All the way I know the value of these lots in 1871, is from my own opinion of their value. I have my opinion of their value now." The house on the property, it appeared from evidence already in the case, was a tavern stand nine or ten years old.

The witness had lived in the vicinity of Stillwater for twenty-two years. It, and the adjacent village of Oak Park,

and the addition thereto in which this property was, had grown up under his eyes *Prima facie* he would have been acquainted with the property. But it is argued that his statement that he knows the property " by sight," implies that he has never been upon the premises, and that therefore he is not *acquainted* with it, within the rule. He does not, it is said, show himself to know so much about it as the jury, for they had taken a view thereof, and it is to be presumed that they went upon the premises and through the house.

However that might have been in point of fact, there is no such presumption that we know of. Supposing it to be so, however, and supposing that the witness had never been upon the premises, it is not necessary that he should to be acquainted with it. The witness may have frequently passed the property in going to and returning from the town for years, while it was yet but wild land. He would have seen first, Oak Park, and then Elfelt's addition thereto staked out, streets made, and houses and this tavern erected, and then have had the lots and the tavern under his eyes for years more. It sounds very singularly to say that such a person is not *acquainted* with such property because he has never been upon it, or to put on a par with his means of forming his opinion about its value, those of a jury all of whom might be strangers. Such a man's opinion may be worth much or little, but he is certainly *acquainted* with the property, and therefore a competent witness. His opinion should go to the jury for what it is worth. If it is shown on cross-examination that he has never bought, sold, dealt in land, or in any such property as this, if his opinion of its value is based, as it is said his was shown on cross-examination to be, simply on the owner's statement of what he could get for it in trade, such an opinion may be worth little or nothing, but its value is for the jury.

Alpheus Stickney testified that he knew what certain property in the vicinity of this had been bought and sold for, and what certain other property in its vicinity had been offered for. He was thereupon asked by appellant to give the rates of sales and offers of the respective tracts. The question was objected to by the respondent as incompetent, and excluded because it called on the witness to state the *offers* as well as actual sale.

In *Davis et al. vs. Charles River Br. R. R. Co.*, 11 *Cush.* 506, on a hearing for assessment of damages to the petitioners' land by the location of the railroad, a witness was allowed, against objection, to state what sum he had offered for other land on the opposite side of the street, for the purpose of showing the value of the petitioners' land.

The court held that the testimony should not have been admitted. The mere offer made for land opposite the land of the petitioners was not competent evidence of value to affect the petitioners. "The rule, admitting evidence of this character, is confined, and rightly, to actual sales, as acts done. The limitation is founded in obvious good sense." *P.* 509.

Mr. Stickney was afterwards, by consent, re-called, and testified to actual sales within his knowledge. The appellant has therefore, had the benefit of the excluded question so far as it was competent.

The third instruction requested by defendant was, if for no other reason, rightly refused, in view of the fact appearing in the case that the railroad passed directly through land where buildings were already erected, and causing an increased exposure to fire. *Colvill vs. Ch. & St. P. Ry. Co., supra.*

Order appealed from affirmed.