# THE CHICAGO AND WESTERN INDIANA RAILROAD CO.

*v.*

## MICHAEL MARONEY *et al.*

*Filed at Ottawa May 18, 1880.*

1. EVIDENCE *in chief, and in rebuttal—as to compensation for right of way.* In a proceeding by a railroad company to condemn an entire lot in a city for the use of its road, evidence of the price per foot an adjoining tract had been sold for, and the price per foot at which other lots had been offered for sale, is doubtless competent if offered by the company as evidence in chief, but is not after the defendant has closed.

2. In a proceeding to condemn land, where the petitioner closes his case and the land owner gives evidence of the value of the property sought to be taken, there is no error in refusing to allow the petitioner to prove the price at which an adjoining tract was sold, or at which other lots in the vicinity are offered for sale. Such evidence is in chief and not in rebuttal, and it is a matter of discretion to open the case and let in proof which ought to have been given in chief.

Appeal from the County Court of Cook county; the Hon. Mason B. Loomis, Judge, presiding.

Messrs. G. & W. Garnett, for the appellant, after a statement of the facts and an argument thereon, made the following points of law:

That this court has correctly laid down the rule that in cases of this character the best evidence of value is actual sales. *St. Louis, Vandalia and Terre Haute Railroad Co.* v. *Haller*, 82 Ill. 211.

It was held in *Lawrence* v. *Boston*, 119 Mass. 126, that the peculiar value of property to the owner was not material for the jury to consider, and that it did not make any difference that the owner would give more for the property than any one else rather than be turned out.

Sales of real estate, like sales of any other commodity, inevitably establish the market value in that vicinity, hence the court erred in excluding from the jury this important fact.

Mr. Richard W. Clifford, for the appellees:

The jury did not follow the valuations of either party. The verdict is a compromise.

The testimony rejected was offered after the plaintiff and defendant had both closed the case, and it was not in rebuttal.

Courts of appellate jurisdiction are not much inclined to interfere with the determination of a jury upon a question of fact.

Where the testimony is inharmonious, and where there is evidence to sustain the finding, the verdict will not be disturbed, even if the higher court would have been better pleased with a smaller verdict. Nor will the verdict be disturbed unless it is manifestly against the weight of evidence.

Mr. Justice Craig delivered the opinion of the Court:

This was a petition, brought by the Chicago and Western Indiana Railroad Company, in the county court of Cook

county, against Michael Maroney, to condemn lot 1, block 7, of Davis' subdivision of a certain tract of land in Cook county, for railroad purposes. The object of the petition was to appropriate the entire lot, which was thirty-four feet wide and one hundred and twenty-five feet long, upon which the defendant had erected a house and barn. The question of amount of damages which should be paid defendant for the property was submitted to a jury, and, after hearing the evidence, the jury returned a verdict in favor of the owner of the property for the sum of $1900, upon which the court entered a judgment, to reverse which the railroad company appealed.

It is not pretended that the court erred in the instructions to the jury, or that there was error in the admission of evidence; but the only ground relied upon to reverse the judgment is, that the damages are too large, and that the court erred in rejecting certain evidence, offered by the railroad company, to prove that a tract of land adjoining the property in question had been sold for $24 per foot, and that other lots in the neighborhood were offered for sale at $25 per foot.

The witnesses who were called upon to testify in regard to the value of the property, as is always the case, differed in their judgment as to the amount the property was worth. If no evidence was to be regarded but that introduced on behalf of the petitioner, then it is quite clear the verdict of the jury was too large, but when the testimony introduced by the defendant is taken into consideration, the verdict is no larger than the evidence would justify.

One witness for the defendant testified that the lot, without the improvements, was worth $35 a foot,—$1190 for the land alone. Another witness estimated the value of the land at $40 a foot, or $1360 for the lot without the building. As regards the improvements one witness, an experienced carpenter, says the house was worth $915, while another puts the value at $923. If this evidence was credible and believed by the jury, as it doubtless was, the verdict might have been

much larger than the one returned, but the jury doubtless give due consideration to all the evidence introduced by both parties. And we are satisfied the result is just, and fully sustained by the evidence.

In regard to the other point, that the court excluded proper evidence, we do not regard it well taken. The offered testimony, as evidence in chief, was doubtless competent, and had it been offered while petitioner was making out his case in the first instance, the court no doubt would have admitted it. But such was not the case. The petitioner introduced his evidence in regard to the value of the property and closed; then the defendant introduced his proof in regard to the value of the property, and closed his case. At this juncture the petitioner offered the proof which the court excluded. As the proof offered was evidence in chief, and not in rebuttal, it was a matter in the discretion of the court whether the case should be opened and the proof admitted.

We see no abuse of the discretion of the court. The same witness had previously been on the stand, and had been examined by petitioner, and if he desired the proof to go to the jury, then was the time the questions should have been asked. He had no right to withhold the evidence until defendant had closed his side of the case, and then introduce it. A practice of that kind would cause needless delay in the trial of causes.

The judgment will be affirmed.

*Judgment affirmed.*