Henry Sherlock

v.

The Chicago, Burlington and Quincy Railroad Company.

*Filed at Springfield November 2, 1889.*

1. Evidence—*to prove value of land*—*offers to sell other property at a given price.* On the assessment of the compensation to be paid for city lots for railway purposes, the petitioning company called a witness, who testified that he was engaged in the real estate business in the same city, and had in charge a certain lot, which he was offering for sale at a certain price per foot: *Held,* that the evidence was not competent.

2. Mere offers to sell real estate at a given price are not competent evidence of its value, or of the value of like property. The rule admitting evidence of value is confined to actual sales or acts done.

Writ of Error to the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

Mr. Seth F. Crews, and Mr. Ernest Dale Owen, for the plaintiff in error:

The mere offer to sell property at a given price is incompetent evidence of the value of similar property in close proximity. *Dickinson* v. *Inhabitants,* 13 Gray, 546; *Davis* v. *Railroad Co.* 11 Cush. 506; *Tufts* v. *Charlestown,* 4 Gray, 537.

Mr. E. J. Harkness, for the defendant in error.

Mr. Justice Wilkin delivered the opinion of the Court:

This was a proceeding in the circuit court of Cook county, by defendant in error, against plaintiff in error and others, to condemn for railroad purposes certain city lots in Chicago. The jury, having heard the evidence and viewed the premises, returned a verdict in favor of plaintiff in error for $8000 for land taken and improvements, and $275 for the inconvenience and cost of removal. Judgment having been entered on the

verdict, plaintiff in error brings the case up, and assigns numerous errors on the record, among others, that the court below admitted improper evidence on behalf of petitioner.

A witness, called on behalf of petitioner, was allowed to testify, over the objection of respondent, that he was engaged in the real estate business, "*and had in charge a certain lot 3, in Chicago, one hundred feet front by one hundred and seventy-five feet deep, which he was offering in the market for sale at $15,000,—$150 a foot.*" This witness testified to no other fact in the case, but was called and sworn for the purpose of proving the offer alone, and the naked question is therefore presented, whether or not it is competent, in such a proceeding, on the question of damages, to prove a mere offer by a third party to take a certain price for similar property in no way connected with that sought to be condemned. The law, on sound reasoning, seems to be settled against the admissibility of such evidence. Mills on Eminent Domain, sec. 170, and authorities cited in note; Lewis on Eminent Domain, sec. 446, and cases cited.

In *Davis et al.* v. *Charles River Branch Railroad Co.* 11 Cush. 506, the petitioner was allowed to prove by a witness what he had offered for like property opposite that in question. Held, error, Thomas, J., saying: "The mere offer  *  *  *  was not competent evidence of value. The rule admitting evidence of this character is confined, and rightly, to actual sales, as acts done. The limitation is founded in obvious good sense." In *Winnisimmet Co.* v. *Grenby,* 111 Mass. 543, it was said, in a proceeding to assess damages for the taking of land by a ferry company: "The company can not introduce evidence of the amount for which an owner of land in the neighborhood has offered to sell his land." In *Montclair Railroad Co.* v. *Benson,* 36 N. J. L. 557, a real estate agent was called as a witness, and asked at what price he had offered for sale property adjoining that being condemned. Held, the evidence was properly excluded. In *Lehmicke* v. *St. Paul, etc., Railroad Co.*

19 Minn. 464, a witness testified that he knew what certain property in the vicinity had been offered for, and was then asked to give the rates of sales and offers, to which an objection was sustained, and held properly, because it called for evidence of offers, as well as actual sales. Numerous other decisions to the same effect might be cited. We have found none to the contrary.

The only authority to which we have been referred by counsel for defendant in error, as sustaining the ruling of the court below, is *Chicago and Western Indiana Railroad Co.* v. *Maroney,* 95 Ill. 179. That case can not be fairly construed as holding such evidence competent. There, after both parties had closed their evidence, the petitioner offered to prove that an adjoining tract had been sold for $24 per foot, and *that other lots in the neighborhood were offered for sale at $25 per foot.* The evidence was rejected by the trial court, and its ruling sustained in this court on the ground that the offer was made too late. The competency of the evidence was not discussed. The language in the opinion, "the offered testimony as evidence in chief was doubtless competent," etc., is not said by way of deciding upon the competency of evidence of offers of sales, or even actual sales, but with reference as to when the evidence should have been offered.

The evidence of a mere offer, allowed in this case, was incompetent, and should have been excluded. The testimony as to the value of the property condemned is in irreconcilable conflict. It is impossible, therefore, to determine how far the incompetent evidence may have influenced the verdict,—at least we can not say that it had no prejudicial effect upon the minds of the jury.

The other grounds of reversal insisted upon are not tenable, but for the error indicated the judgment must be reversed.

*Judgment reversed.*