MARKOWITZ v. KANSAS CITY, *Appellant.*

### Division Two, December 18, 1894.

1.  **Municipal Corporation**: CHANGE OF STREET GRADE: DAMAGES: CONSTITUTION.  The act of the legislature of March 26, 1885, amended by the act of March 31, 1887, providing for proceedings to ascertain damages caused to an abutting owner's property by the grading of a street is not exclusive of the remedy to which the owner is entitled by the constitution for taking land for public use.

2.  ———: ———: ———: ———.   The landowner may also bring his common law action, for damages, founded on the constitutional provision.   (Const., art. 2, sec. 21).

3.  ———: ———: ———: EVIDENCE.   In an action by a landowner for damages caused by grading the street adjoining his lot, evidence of what lots in the same locality sold for at that time is admissible to show the value of plaintiff's lots prior to the grading of the street.

4.  ———: ———: ———: ———.   Evidence of the cost of the material used in constructing the house erected thereon is competent to show the value of the property.

5.  **Practice**: INSTRUCTIONS.   An error in an instruction may be cured by one given at the request of the other party.

*Appeal from Jackson Circuit Court.*—HON. J. W. HENRY,
Judge.

**AFFIRMED.**

*F. F. Rozzelle* and *Clarence S. Palmer* for appellant.

·(1) The respondent pursued the wrong remedy. Long before the suit was brought the appellant had prescribed the benefit district for the payment of any damages for the grading in question. The remedy provided by statute was exclusive and efficient. Constitution, sec. 21, art. 2; Session Laws, 1885, p. 49; Session Laws, 1887, p. 37; Dillon on Municipal Corporations [4 Ed.], sec. 993; *Reock v. Newark*, 33 N. J. L. 129; *Heiser v. New York*, 104 N. Y. 68; *Flagg v. Worcester*, 13 Gray (Mass.), 601; 6 Am. and Eng. Encyclopedia of Law, p. 604; Cooley on Const. Lim. [6 Ed.], pp. 347 and 442; Elliott on Roads and Streets, p. 215, p. 149; 2 Hare on Const. Law, p. 869, n. 4; Mills on Eminent Domain, sec. 91; *Plank Road Co. v. Pickett*, 25 Mo. 535; *Anderson v. Caldwell*, 91 Ind. 451; *Railroad v. Ketring*, 122 Ind. 5; *Ames v. Railroad*, 21 Minn. 291; *St. Louis County v. Griswold*, 58 Mo. 192; *Borough v. Gollings*, 101 Pa. St. 293. (2) The evidence of witness Noyes as to what the property across the street sold for was clearly incompetent. *Railroad v. Bunnell*, 81 Pa. St. 414; *Railroad v. Heister*, 40 Pa. St. 53; *Railroad v. Patterson*, 107 Pa. St. 461; *Railroad v. Ziemer*, 124 Pa. St. 560; *Railroad v. Benson*, 36 N. J L. 557; *Railroad v. Pierson*, 35 Cal. 247; *Railroad v. Keith*, 53 Ga. 178; *Re Thompson*, 127 N. Y. 463; *Railroad v. Vance*, 115 Pa. St. 326; *Stinson v. Railroad*, 27 Minn. 284; *Heinz v. Railroad*, 15 L. R. A. 591. The witness is not permitted to give incompetent testimony as a basis of an opinion which he expresses. *Hunt v. Boston*, 152 Mass. 168; 5 Harvard Law Review, p. 232. (3) The evidence of witness Noyes in regard to the cost of the building on plaintiff's lot was incompetent and irrelevant as being hearsay. 7 Am. and Eng.

Encyclopedia of Law, p. 65.   9 *Id.*, p. 326; *Olin v. Hester*, 63 Texas, 190; *Gonzales College v. McHugh*, 26 Texas, 677; *Newson v. Douglass*, 7 H. & J. (Md.), 417. (4) Evidence offered by city showing the manner of construction of the lower story of the house with reference to a future fill of the lot, should have been admitted.   This certainly had some bearing on the amount of damages caused by change of grade.  (5) The second instruction given for plaintiff and the court's modification of the third instruction asked for defendant contain the same error.   They do not confine the attention of the jury to the difference in value or loss of rents caused by the change of grade and are, therefore, erroneous. *Bank v. Currie*, 44 Mo. 91; *Chappell v. Allen*, 38 Mo. 213; *Ellis v. McPike*, 50 Mo. 574; *Raysdon v. Trumbo*, 52 Mo. 35.   (6) The instructions were ambiguous and inconsistent and, therefore, erroneous. *Belt v. Good*, 31 Mo. 128; *Henschen v. O'Bannon*, 56 Mo. 289; *Wood v. Steamboat*, 19 Mo. 529; *Otto v. Bent*, 48 Mo. 23.

*Edward H. Stiles* with *E. L. Noyes* for respondent.

(1) The court did not err in admitting testimony as to what the adjoining property sold for. *Town v. Land Co.*, 52 Iowa, 279; *Railroad v. Holler*, 22 Ill. 208; *Providence Co. v. Chicago*, 111 Ill. 653; *White v. Herman*, 151 Ill. 243; *Railroad v. Hall*, 82 Ill. 208; *Railroad v. Maroney*, 95 Ill. 179; *Shattuck v. Railroad*, 6 Allen, 115; *Edmunds v. Boston*, 108 Mass. 535; *Railroad v. Railroad*, 3 Allen, 142; Sutherland on Damages, pp. 799, 800; Lewis on Eminent Domain, sec. 443; *Keiser v. Gammon*, 95 Mo. 217; *Simmons v. Carrier*, 68 Mo. 416.   The respondent was not restricted in his remedy to the act of 1885 as amended by the act of 1887. *Hickman v. City of Kansas*, 120 Mo. 110; *Jamison v. Springfield*, 53 Mo. 224; *Johnson v. Louisville*, 74 Ky. 527.

BURGESS, J.—This is an action for damages to plaintiff's property alleged to have been caused by defendant by grading Jefferson street in Kansas City, from Twenty-seventh street to the southern limits of said city, under an ordinance approved May 12, 1888. The work was done under a contract dated July 12, 1888. On April 19, 1889, defendant passed an ordinance defining the benefit district within which property should be charged with the payment of damages occasioned by such grading. Plaintiff's property was in said district.

Prior, to the institution of this suit, plaintiff had brought a suit against defendant for the same cause of action, which he subsequently dismissed, but no point is made upon that fact in this court.

Defendant, in its answer, alleged that, previous to the time of the grading, plaintiff had given a deed of trust on the property, which had been foreclosed and the property sold to a third person. A demurrer was filed by plaintiff, and sustained, to all of the allegations in defendant's answer, except the general denial. The trial resulted in a verdict and judgment for plaintiff in the sum of $1,100, from which defendant appealed.

Defendant's first contention is that, as before this suit was brought and after the grading had been completed it had, in pursuance of the provisions of an act of the general assembly, entitled, "An act to provide for the ascertainment of, and payment for, damages done by municipal corporations to private property for public use, as directed by section 21 of article 2 of the state constitution," approved March 26, 1885 (Laws of 1885, p. 47), and an act amendatory thereof, approved March 31, 1887, Laws of 1887, p. 37, defendant passed an ordinance prescribing the district in which property should be deemed especially benefited by the grading of said street, and prescribing a mode for the assessment and the collection of damages, sustained by prop-

erty owners by reason thereof, the mode thus prescribed was exclusive and this action is not maintainable.

In *Hickman v. City of Kansas*, 120 Mo. 110, which was an action for damages to plaintiff's property, occasioned by a change of the grade of a street in said city, by virtue of an ordinance passed in pursuance of said acts of the legislature, it was held, contrary to defendant's contention, that the right of action being conferred by section 21, article 2, state constitution, which is self enacting, the remedy prescribed by the ordinance was not exclusive. BRACE, J., speaking for the court, said: "The rule is, that, if a statute gives a remedy in the affirmative, without containing any express or implied negative, for a matter which was actionable at common law, this does not take away the common law remedy, but the party may still sue at common law, as well as upon the statute. In such cases the statute remedy will be regarded as merely cumulative. But, where a new right or the means of acquiring it are given, and an adequate remedy for violating it is given in the same statute, then the injured parties are confined to the statutory remedy." See, also, *State v. Bittinger*, 55 Mo. 596; *Lindell's Adm'r v. Railroad*, 36 Mo. 543; *Soulard v. St. Louis*, 36 Mo. 546.

Over the objection of defendant a witness by the name of E. L. Noyes was permitted to testify as tending to show the value of the lot in controversy, what other lots in the same locality, just across the street, had been selling for, and in admitting this evidence it is claimed that the court committed error. There are a number of respectable authorities who hold that such evidence is inadmissible, notably: *Railroad v. Heister*, 40 Pa. St. 53; *Railroad v. Bunnell*, 81 Pa. St. 414; *Railroad v. Vance*, 115 Pa. St. 325; *Stinson v. Railroad*, 27 Minn. 284; *Railroad v. Pearson*, 35 Cal. 247; *Matter*

*of Thompson*, 127 N. Y. 463; *Hunt v. Boston*, 152 Mass. 168. But the great weight of authority is clearly the other way.

In *Town of Cherokee v. Town Lot and Land Co.*, 52 Iowa, 279, it was held that evidence of the price at which other tracts of land in the same neighborhood had been sold at or near the time the value was being fixed on the land in controversy, was admissible for the purpose of showing its value, the difference in location, character and value between them and the tract in question being shown. See, also, *Culbertson & Blair v. Chicago*, 111 Ill. 651; *Railroad v. Haller*, 82 Ill. 208; *Railroad v. Maroney*, 95 Ill. 179; *Shattuck v. Railroad*, 6 Allen, 115; *Edmands v. Boston*, 108 Mass. 535; *Watson v. Railroad*, 57 Wis. 332; *Washburn v. Railroad*, 59 Wis. 364; *Paine v. Boston*, 4 Allen, 168; *Truitt v. Baird*, 12 Kan. 420.

Whatever the rule may be in other jurisdictions, it was held in a recent decision of this court, *Railroad v. Clark*, 121 Mo. 169, which was a proceeding to condemn land for the right of way for railroad purposes, that evidence of sales of similar property to that in question in the same neighborhood made about the same time, was admissible as tending to show the value of the land sought to be condemned.

Nor do we think the court erred in permitting the same witness, over the objection of defendant, to testify to bills paid by himself, and saw paid by others, toward the construction of plaintiff's house situated on his lot, as such evidence was competent as tending to show the value of the property.

A final contention is that there was error committed in giving the second instruction as to the measure of damages, inasmuch as it did not confine the consideration of the jury to the difference in value of the lot caused by the defendant. Whatever of vice in this

regard existed in that instruction was cured by the first instruction given at the request of defendant, by which the jury were told that the only thing for them to determine was the difference in market value of the property after the grading, and caused *solely by the grading*. Taken altogether, the instructions presented the case fairly to the jury. The case seems to have been well tried, and the judgment should be affirmed. It is so ordered. All of this division concur.