## JOHNSON v. CITY OF ST. LOUIS.

### (Circuit Court, E. D. Missouri, E. D.)

**1. PARTIES—ACTIONS AGAINST CITIES—MISSOURI STATUTE.**

> Act Mo. March 12, 1901 (Sess. Laws 1901, p. 78), which provides that when a city of a certain class shall be sued on a cause of action arising from the wrongful or unauthorized acts or negligence of another, who is also subject to an action therefor, such other person or corporation, if subject to service in the state, may be required by the city to be made a party, does not apply to an action against a city to recover for damage to plaintiff's property resulting from the performance by the city of a public duty, such as the making of an improvement, without negligence on the part of the contractor by whom the work was done, but merely as an incident of such work.

**2. MUNICIPAL CORPORATIONS—LIABILITY FOR DAMAGE TO PROPERTY BY PUBLIC IMPROVEMENT—MISSOURI CONSTITUTION.**

> Const. Mo. 1875, art. 2, § 21, providing that "private property shall not be taken or damaged for public use without just compensation," as construed by the Supreme Court of the state, entitles an owner of a building to recover from a city for damage resulting thereto, without his fault or negligence, by reason of the construction of a sewer by the city so close to the foundations of the building as to cause them to settle.

At Law. On motion to require plaintiff to bring in a new party.

Thomas K. Skinker, for plaintiff.

Chas. W. Bates, W. F. Woerner, and C. R. Skinker, for defendant.

ADAMS, District Judge. This is a suit instituted against the city of St. Louis to recover damages alleged to have been sustained by plaintiff as a result of the construction of a sewer by defendant city underneath an alley adjacent to plaintiff's lot of ground. It is alleged that the sewer was constructed pursuant to the provisions of a municipal ordinance and a contract made by the city with the Buehler-Cooney Construction Company; that the construction company, in the performance of its contract pursuant to plans and specifications therein contained, excavated a deep tunnel in the alley, with shafts and inlets reaching from the surface down into the tunnel, and afterwards constructed in the tunnel so excavated a sewer of brick and cement; that the tunnel was so excavated and the sewer so constructed close to the lines of plaintiff's lot, and almost immediately under the foundation walls of plaintiff's building situate thereon, and that, as a consequence of the making of the tunnel, inlets, and sewer, the soil of plaintiff's lot broke and sunk, and the foundation walls of his building sunk and gave way, to plaintiff's damage in the sum of $20,000. In due course of procedure the defendant city appeared and filed a motion to require plaintiff to make the Buehler-Cooney Construction Company a party defendant. This motion was made pursuant to the provisions of the act of the Legislature of Missouri approved March 12, 1901 (Sess. Acts 1901, p. 78). This act provides that:

> "Whenever a city of over one hundred and fifty thousand inhabitants shall be sued in any court in this state and the cause of action on account of which said city is sued shall arise from the wrongful or unauthorized acts or carelessness and negligence of any person or corporation subject to service in this state, and such wrongful or unauthorized acts or carelessness and negligence shall also make such person or corporation liable to an action by

the plaintiff on the same account as such city is sued for, such city may within fifteen days after the first day of the next term of court after the service of the writ of summons, file a motion in writing, in said case, notifying the plaintiff therein to make such person or corporation a party defendant in said suit in accordance with the facts constituting the liability of such person or corporation, which facts said city shall set forth in said notice, and shall verify the same by affidavit."

The plaintiff resists the motion to require him to join the construction company on the ground that his cause of action against the city does not arise from the wrongful or unauthorized acts or carelessness and negligence of the construction company, for which it is liable. Plaintiff's counsel contends that the cause of action arises under the Constitution of Missouri (article 2, § 21). This section ordains "that private property shall not be taken or damaged for public use without just compensation," etc. The contention is that the petition makes no case of negligence, but, rather, a case ex contractu, growing out of a contract between the citizens of the state, as expressed in their organic act. Plaintiff's counsel seems to me to be right about this matter. A careful consideration of the petition discloses that there is no allegation of negligence on the part of the city or on the part of the construction company. Plaintiff rests his case, so far as the petition is concerned, on the proposition that the city of St. Louis, while properly engaged in the performance of one of its public functions (constructing a sewer for the public use), without negligence on its part, but merely as an incident to the performance of such duty, damaged plaintiff's property; and, on this state of facts, he claims that the Constitution of the state confers upon him a right of action for the damages so sustained. If this petition states any cause of action, it is certainly not for negligent construction of public works by the city which resulted in an injury to plaintiff. For, as already stated, there is no charge of negligence found in the petition. If it were not for the constitutional provision invoked, a demurrer would certainly lie to the petition.

Having reached this conclusion, I might properly enough deny defendant's motion to require plaintiff to make the construction company a party defendant, without saying more. But as counsel have exhaustively argued the question whether the damage alleged to have been sustained by plaintiff's counsel in the way and manner stated in his petition comes within the purview of the Constitutional provision in question, I have concluded I may properly dispose of that question now, without waiting for a more formal presentation of it by a demurrer.

The constitutional provision prohibiting the damaging of private property for public use without just compensation is an advance step in the progress of protecting individual rights against the exercise of power for the public good. The first Constitution of this state, adopted in 1820, declared that "no private property ought to be taken or applied to public use without just compensation." The Constitution of 1864 also retained this declaratory provision, employing the same language; but the Constitution of 1875 enlarged the scope of the provision, and became more explicit. It ordains, in language of command, "that private property shall not be taken or damaged for public use without just compensation." It contemplates that the compensa-

tion either for property taken or damaged should be determined and paid before the appropriation of such property to any public use. But notwithstanding the provisions of law conferring a remedy by injunction to restrain the appropriation or damage of property until the same should be paid for, it is well settled that the provision in question is self-enacting and self-enforcing, and confers upon any person injured the right to proceed by suit for the recovery of such damages as he may have sustained. He may, at his election, enjoin the prosecution of public work until his damage should be ascertained and paid, or he may wait until the work is done, and then sue for the damages which he may have sustained. Hickman v. City of Kansas, 120 Mo. 110, 25 S. W. 225, 23 L. R. A. 658, 41 Am. St. Rep. 684; Markowitz v. Kansas City, 125 Mo. 485, 28 S. W. 642, 46 Am. St. Rep. 498. The plaintiff in this case adopts the course last suggested.

I cannot agree with defendant's counsel that the Constitution of 1875 contemplates only such a direct and necessary damage as would in effect be only a "taking" of property, or that the damage there contemplated must be such as necessarily and inevitably flows from the passage of an ordinance or law providing for the public work. On the contrary, I believe the provision in question was intended to have a practical and real meaning—was intended to provide a remedy for all damages proximately resulting to property from the doing of work for public use. Such is the plain and ordinary signification of the language employed: "Private property shall not be damaged for public use without just compensation." This is a command couched in very plain and unambiguous language. Whether the damage necessarily and inevitably arises from the doing of public work, or whether it results as an ordinary or likely incident thereto, is, in my opinion, immaterial. The policy of the organic law is that, when property is damaged for the benefit of the public, the public, which is the party benefited thereby, shall pay for that damage, rather than the individual who is not benefited by it, and who is in no way responsible for it. This means, of course, the public as represented by the corporation at whose instance and for whose benefit the work is done. This may sometimes be, as in the case at bar, a municipal corporation, which stands for the whole public within its territorial limits, or it may be a quasi public corporation, which has the right, by reason of the public interest involved, to exercise a part of the sovereign power. I am unable to conceive of a case where the remedial provisions of the new Constitution are more applicable than the one presented by the petition in this case. Can it be that when the public interest demands the building of a sewer in a large municipality, and when the construction of that sewer, without fault on the part of the property holder, destroys or damages his building, his property is not damaged for public use? I think not. If any effect is to be given the new Constitution, it seems that this case falls within its provisions. The reason for the provision "that private property shall not be damaged for public use without just compensation" is stated by the Supreme Court of Missouri in the Hickman Case, supra, as follows:

"Prior to the adoption of the Constitution of 1875, * * * it was uniformly held that any damage resulting to an abutting property owner from a

change of grade was damnum absque injuria, for which the municipality was not liable, unless the injury could be shown to have resulted from the negligent or improper manner in which the work was done. * * * To uproot this doctrine, and provide for compensation when property is damaged as well as when it is taken for public use, the eminent domain clause in the Constitution of 1865 was amended by the Constitution of 1875 to read as quoted, and since [then] it has been considered the settled law in this state that when property is damaged by establishing the grade of a street, or by raising or lowering the grade of a street previously established, it is damaged for public use, within the meaning of the Constitution."

Many cases are there cited, showing that a municipal corporation of Missouri, when, in exercising its power to make streets, it has caused damage to the owners of abutting property by changing the grade of a once established street, is held responsible for such damages, under the constitutional provision in question. I am unable to perceive any difference or sound distinction between the damage done to a lot of ground fronting on a given street by the change of grade in the street which does not touch the lot, and damage done to the walls of a building by the construction of a public sewer in close proximity to it. But the Supreme Court of Missouri has very nearly, if not quite, ruled upon cases very similar to that now under consideration. The case of Smith v. Sedalia, 152 Mo. 283, 302, 53 S. W. 907, 912, 48 L. R. A. 711, concerns the construction of a sewer in the city of Sedalia, which discharged into a creek, causing damage to an abutting owner below the point of discharge. In that case the Supreme Court makes use of the following language:

"If it is a public necessity that the plaintiff's land be taken or damaged in order to dispose of the sewage of the defendant city, it may be so condemned according to law, but the city must first pay him the just compensation."

The court there held that the city was liable for the damage caused by turning its sewer into a natural stream flowing through private property.

In the case of Mining Company v. City of Joplin, 124 Mo. 129, 27 S. W. 406, the Supreme Court of Missouri had under consideration a claim for damages by the owner of property fronting upon the waters of a creek which had been polluted by emptying of sewage into it. The court there says:

"Whether this damage would amount to the taking of private property for public use is not important to inquire, for our Constitution declares that private property shall not be taken or damaged without just compensation. If the discharge of the sewer matter into the creek will decrease the value of the plaintiff's land through which the creek runs, then the damage thus done is clearly within the constitutional provision, and the plaintiff must have compensation therefor."

The views expressed in these cases and others cited therein by the Supreme Court of Missouri are reasonable and convincing, and, in my opinion, fully warrant the conclusion reached in this case.

I have considered all the other cases cited by counsel on either side, and, without further reference to them, merely say that I find nothing in them in disharmony with the conclusion already stated.

Argument is made by defendant's counsel touching the effect upon this case of the failure on the part of the defendant to shore up his

building during the progress of the public work, and also as to the effect of actual negligence by the construction company in doing the work. These questions are not now properly before the court, and it may be that they never will be raised. When they are, they will be met and disposed of.

It results that the defendant's motion to require the plaintiff to make the Buehler-Cooney Construction Company a party defendant must be denied.